**Hope E. BUTLAND, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 87–478–T.**

United States District Court, D. Massachusetts.

Sept. 23, 1987.

---

Carol Avard, Allen Rodman, Malden, Mass., for plaintiff.

Peter E. Gelhaar, Asst. U.S. Atty., for defendant.

## MEMORANDUM

TAURO, District Judge.

Plaintiff, Hope E. Butland, brought this action pursuant to 42 U.S.C. § 405(g) to review an unfavorable decision by the Secretary of Health and Human Services upholding the dismissal of her application for Social Security disability benefits on the grounds of *res judicata*.

Currently before the court are defendant's motion to dismiss and plaintiff's motion for summary judgment. For the reasons set forth below, defendant's motion is denied, plaintiff's motion is granted, and the case is remanded to the Administrative Law Judge for a full and fair hearing.

### I.

Plaintiff has applied three times for Social Security disability benefits. Her first application, made on October 31, 1978, stated that she had been unable to work since December, 1975, due to multiple sclerosis. The application was denied because medical evidence was insufficient to determine severity as of December 31, 1975, the date plaintiff was last insured.

Subsequently, plaintiff's date-last-insured was revised to June 30, 1977. Plaintiff then reapplied for disability benefits on

March 31, 1980. This second application was also denied by notice dated May 14, 1980. The notice instructed plaintiff as follows:

If you believe that this determination is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice.

.    .    .    .    .

*If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time.*

(emphasis added).

Taking the Social Security Administration at its word, plaintiff abandoned her second claim and filed a third application for disability benefits on December 17, 1985. That application resulted in a third denial. This time, plaintiff took the claim further. She filed a request for reconsideration, and upon reconsideration her claim was denied. On July 17, 1986, plaintiff formally requested a hearing.

The Administrative Law Judge (ALJ) dismissed plaintiff's hearing request on the basis of *res judicata*, stating that "the request for hearing filed on July 17, 1986 involves the same party, the same facts and the same issues as those decided by the initial determination of May 6, 1980."[1] Since plaintiff had not requested that her second claim be reopened within four years as required in 20 C.F.R. § 404.988 (1987), the ALJ gave the second denial preclusive effect. The Appeals Council found no basis for granting plaintiff's request for further review, and on February 26, 1987, plaintiff filed the instant action in federal district court.

## II.

■ Ordinarily, this court has no power to review the administrative dismissal of a disability claim on *res judicata* grounds. *Matos v. Secretary of HEW*, 581 F.2d 282, 285 (1st Cir.1978). However, jurisdiction in this court is proper if the plaintiff advances a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Mathews v. Eldridge*, 424 U.S. 319, 331–32, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976); *Matos v. Secretary of HEW, supra*, 581 F.2d at 286 n. 6; *Adames v. Califano*, 552 F.2d 1, 2 (1st Cir.1977).

Here, plaintiff attacks the preclusive effect of her second denial on due process grounds. Specifically, she claims that the denial notice sent her on May 14, 1980, was unfairly misleading. Although the notice assured plaintiff that she had "the right to file another application at any time," further applications for disability benefits were in fact barred, unbeknownst to her, after four years.

Plaintiff's constitutional argument is more than "colorable". In *Dealy v. Heckler*, 616 F.Supp. 880, 887 (W.D.Mo.1984), the district court found a denial notice containing identical language constitutionally deficient because "it serves to mislead and deceive the disability applicant and denies the applicant the right to make an intelligent and informed decision." This court reaches the same conclusion.

## III.

Deciding whether procedural due process has been denied in a given case involves two inquiries. First, the court must determine whether a life, liberty, or property interest is at stake. If the answer to the first question is "yes," the court must go on to decide what process is due.

## A.

■ "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Supreme Court has not yet

---

**1.** Since the ALJ based her decision solely on plaintiff's second denial, it is inappropriate to consider here the preclusive effects, if any, of the first denial.

ruled on the extent to which applicants for, rather than recipients of, government benefits have property rights in their expectations. *Lyng v. Payne*, 476 U.S. 926, ——, 106 S.Ct. 2333, 2342, 90 L.Ed.2d 921 (1986); *Walters v. National Association of Radiation Survivors*, 473 U.S. 305, 312, 105 S.Ct. 3180, 3184, 87 L.Ed.2d 220 (1985).

In numerous cases, however, lower courts have accorded due process rights to applicants. *See, e.g., Raper v. Lucey*, 488 F.2d 748 (1st Cir.1973) (applicant for driver's license); *Ressler v. Pierce*, 692 F.2d 1212, 1214–16 (9th Cir.1982) (applicants for federal rent subsidies); *Kelly v. Railroad Retirement Board*, 625 F.2d 486, 489–90 (3d Cir.1980) (applicant for disabled child's annuity under Railroad Retirement Act); *Wright v. Califano*, 587 F.2d 345, 354 (7th Cir.1978) (applicants for social security benefits); *Dealy v. Heckler, supra*, 616 F.Supp. at 884–86 (applicant for Social Security disability benefits).

In this case, plaintiff paid money into the Social Security system for the requisite number of quarters through June 30, 1977. Plaintiff's participation in this insurance program gives her a "legitimate claim of entitlement" to benefits, *Roth, supra*, that constitutes property within the meaning of the due process clause.[2]

### B.

What process is due plaintiff depends upon a balancing of three factors:

First, the private interest that will be affected by official action; second, the risk of an erroneous deprivation of such through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedure would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

■ These factors weigh heavily in favor of accurate notice. First, plaintiff's private interest is potentially great. She asserts that she has paid the proper amounts into the social security system; that she is permanently disabled due to multiple sclerosis; and that she now needs her social security disability insurance proceeds in order to cover medical expenses. Second, in contrast, no significant financial or administrative burden is associated with the requirement that the government provide plaintiff with correct information. *Dealy v. Heckler, supra*, 616 F.Supp. at 880, 886.

Third, and most importantly, the denial notice sent to plaintiff was misleading enough to introduce a high risk of error into the claims adjudication process. The form falsely assured plaintiff that she could file another claim "at any time," when in fact she faced a four-year deadline. Upon receiving such notice, claimants with valid entitlements might wrongly abandon their claims after an initial denial and not reassert them until it is too late.

■ Notice that affirmatively misleads in this fashion clearly violates the Constitutional guarantee of due process. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information ..." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). *Cf. David v. Heckler*, 591 F.Supp. 1033, 1043 (E.D.N.Y.1984) (Weinstein, J.) (medicare denial notice violated due process where language used was "bureaucratic gobbledegook, jargon, double talk ... offic-

---

2. Plaintiff's claim of entitlement is thus distinguished from that of the farmers in *Lyng v. Payne, supra*, whose interest in receiving emergency loans from the Department of Agriculture amounted to no more than a "unilateral expec-

tation," *Roth, supra*. Far from being "abstract," Ms. Butland's claim of entitlement to disability benefits is based upon *concrete* deductions from her paychecks.

ialese, federalese and insurancese, and doublespeak" that did not "qualify as English").

■ In the instant case, plaintiff's second denial should not have been "accorded finality" because plaintiff was misinformed as to the *res judicata* consequences of abandoning the action. Simply put, the Secretary "has an affirmative obligation to avoid providing Social Security applicants with misleading information." *Dealy, supra,* 616 F.Supp. at 886. This is especially true in the case of Ms. Butland, who was without counsel at the time of her second application and relied on the plain language of her denial notice. A straightforward description of the claim-preclusion process would have proven an extremely valuable procedural safeguard for plaintiff and others like her.

Because misleading notice violated plaintiff's right to due process of law in the handling of her claim, her second denial is robbed of any preclusive effect.[3] The cause will be remanded to the Administrative Law Judge for a full and fair hearing on plaintiff's most recent application.

An order will issue.

---

**3.** Plaintiff also contends that the Secretary had reopened her second claim, and that administrative action other than adjudication cannot be considered *res judicata.* Because this court accepts plaintiff's due process argument, it is unnecessary to reach these issues.