**Anna Jane CHRISTOPHER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 87–CV–1098.**

United States District Court,
N.D. New York.

Jan. 4, 1989.

Legal Aid of Cortland, Inc., Cortland, N.Y. (James T. Murphy, of counsel), for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Syracuse, N.Y. (Paula Ryan Conan, Asst. U.S. Atty., of counsel), for defendant.

MUNSON, District Judge.

## ORDER

■ This matter has come to this court's attention upon review of Magistrate DiBianco's Report–Recommendation which was signed August 8, 1988. Before the court is defendant's motion to dismiss on the grounds that this court does not have jurisdiction to hear an appeal. Defendant points out that Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), permits this court to review only final decisions of the Secretary of Health and Human Services ("the Secretary"). The Secretary contends that a decision not to reopen a case is not a final decision and, therefore, not reviewable before this court. *Califano v. Saunders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, this court can maintain jurisdiction if the plaintiff advances a colorable constitutional claim. *Id.* at 109, 97 S.Ct. at 986.

■ Plaintiff does present a constitutional claim, namely, that a notice of denial of benefits violated her fifth amendment right to due process. The alleged violation occurred in a notice by which the Secretary informed plaintiff on August 3, 1983 that reconsideration of her application for disability benefits had been denied.[1] Magistrate DiBianco's Report–Recommendation concludes that the notice violated plaintiff's constitutional right of due process. In reviewing this matter the court is aware that it has previously held that a denial notice substantially similar to the notice presently at issue did not violate an applicant's right to due process. *Flaum v. Secretary of Health and Human Services*, 85–CV–332 (N.D.N.Y. December 21, 1987) (approving a

---

1. In pertinent part the notice at issue reads as follows:

If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Hearings and Appeals. If you want a hearing, you must request it not later than 60 days from the date you receive this notice. You may make your request through any social security office. Read the enclosed leaflet for a full explanation of your right to appeal.

*If you do not request a hearing of your case within the prescribed time period, you still have the right to file another application at any time.* (emphasis added).

Report–Recommendation which was signed August 17, 1987).

The court has reviewed decisions in which other district courts have held that a notice similar to the one before this court did violate applicant's rights of due process. *Butland v. Bowen,* 673 F.Supp. 638 (D.Mass.1987); *Dealy v. Heckler,* 616 F.Supp. 880 (W.D.Mo.1984); *see Aversa v. Secretary of Health and Human Services,* 672 F.Supp. 775, 777 (N.J.1987) ("Plaintiff was led to believe that he would not be prejudiced if he did not request reconsideration of the initial determination."). The court finds particularly helpful and persuasive Judge Tauro's opinion in *Butland.* He stated that the Secretary has an affirmative duty to avoid providing applicants with misleading information, especially when the applicant was "without counsel at the time of her second application and relied on the plain language of her denial notice." 673 F.Supp. at 642. Plaintiff Christopher's situation is similar to that of the plaintiff in *Butland;* in specific, she too did not have the assistance of counsel when reviewing the notice of denial of reconsideration. From reading the notice, she could have reasonably expected that declining to continue the appeals process would not have an impact on benefit determinations made in the future.

 As previously noted, the Report–Recommendation which this court approved on December 21, 1987 found no due process violation in a notice similar to the one at issue here. *See Flaum v. Secretary of Health and Human Services,* 85–CV–332 (N.D.N.Y. December 21, 1987). In that instance the applicant, like the applicants in *Butland* and the case at bar, was not represented by counsel when she received the allegedly defective notice. In *Flaum* this court approved the magistrate's disposition which concluded that the notice of denial of an initial application did not violate the applicant's right to due process; the notice was "merely ambiguous." However, upon review of additional authority, namely the

*Aversa* and *Butland* decisions cited above, the court now concludes that even a notice which is merely ambiguous may violate an applicant's due process rights. Its very ambiguity may cause it to be misleading. Furthermore, the ambiguity may prevent the notice from being of "such nature as reasonably to convey the required information...." *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

Therefore, the court holds that plaintiff has presented a colorable constitutional claim. For that reason, this court may entertain jurisdiction over her complaint. The defendant's motion to dismiss is denied. The case should proceed pursuant to this court's Standing Order relative to the filing of briefs.[2]

As a final matter, the court no longer adheres to the reasoning of the Report–Recommendation adopted by this court in its Order dated December 21, 1987 to the extent which that reasoning is inconsistent with the present Order.

It is So Ordered.

---

2. The court is swayed by the reasoning in Magistrate DiBianco's Report–Recommendation. However, the motion before the court is defendant's motion to dismiss; there is no cross-motion by plaintiff for summary judgment. Consequently, at this time it would be premature to remand the case to the Secretary for a full and fair hearing.