**Miguel GONZALEZ, Plaintiff/Appellant,**

**v.**

**Louis W. SULLIVAN, Secretary,\* Department of Health and Human Services, Defendant/Appellee.**

No. 87–6685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1989.

Decided Sept. 12, 1990.

---

\* Louis W. Sullivan, M.D. is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. *See* Fed.R. App.P. 43(c).

Phillip R. Newell, Newell & Messer, San Luis Obispo, Cal., for plaintiff-appellant.

Dennis J. Mulshine and Michael Power, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before FLETCHER and KOZINSKI, Circuit Judges, and MUECKE,** District Judge.

MUECKE, District Judge:

This is an appeal from the district court's ruling upholding the Secretary's decision denying disability benefits. We vacate the decision of the district court and remand.

## BACKGROUND

Appellant is a forty-six year old male with a sixth grade education. In August 1981, while working as a meat cutter, appellant slipped and injured his back.

Several doctors examined appellant and have given differing opinions. Dr. Edward A. Smith, a neurosurgeon, found appellant to be temporarily totally disabled in March 1982 and told him to stop working. One month later, Dr. W. Gordon Smith examined appellant and concluded that he was totally disabled.

In June 1982, Dr. William Rack found no objective evidence for classifying appellant as totally disabled and suggested that appellant return to work. From a subjective point of view, however, Dr. Rack stated that appellant "would appear to be totally disabled for any type of physical activity."

In April 1983, appellant began seeing Dr. Richard Williams, a neurosurgeon. In June, Dr. Williams diagnosed a herniated lumbar disk at the L4–L5 level and successfully performed a hemilaminectomy. After the operation, Dr. Williams noted an improvement in the lower back, but also noted that problems still existed. Dr. Williams opined that appellant could perform light work. Dr. Williams made this recommendation despite the fact that appellant complained of lower thoracic pain in the right side of his back. In February 1984, Dr. Williams changed his opinion and stated that because of appellant's persistent complaints of pain, he was temporarily totally disabled.

At the suggestion of Dr. Williams, appellant began seeing Dr. Eltherington from the Stanford Pain Clinic. In a November, 1984 report, Dr. Eltherington noted complaints of paravertebral spasms and pain around the T10 area. In June 1985, appellant still complained of pain on the right side of the spine at the T8 area, which would travel around to the right. Dr. Eltherington stated that "it is unlikely that this clinic has anything further to offer this patient, and that he needs to become involved in vocational rehabilitation in order to help him develop interests to focus on other than his pain." In 1985, Dr. Eltherington concluded that appellant could perform sedentary work even though he had limitations.

In February 1985, Dr. Brendan McAdams, Jr. concluded that because of appellant's complaints of pain, he was still temporarily disabled. Dr. McAdams could not, however, find any "historical component" to the complaints. Dr. McAdams suggested that appellant continue visiting the Stanford Pain Clinic and that he should have his urologic problem evaluated.

** Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation.

Appellant first applied for disability benefits on May 26, 1983, alleging that his disability began on March 8, 1982. In a notice dated July 27, 1983, the Secretary denied the application. On October 24, 1984, appellant reapplied for disability benefits, once again alleging that he had been disabled since March 8, 1982.

After a hearing, an administrative law judge (ALJ) issued a written opinion denying appellant's application for disability benefits. The ALJ concluded that the issue of disability was *res judicata* through July 27, 1983, the date of the initial denial. The ALJ found that appellant could not perform his past job as a meat cutter, but that appellant could perform sedentary work. The ALJ found that the medical evidence established that appellant has lumbar disc disease and mid-back musculoskeletal back pain, but that he did not have an impairment or combination of impairments listed in or equal to those listed in the regulations. Finally, the ALJ found that appellant's pain testimony was out of proportion to the medical evidence of record and therefore not completely credible.

The district court found that substantial evidence supported the Secretary's decision. Appellant timely appealed.

## DISCUSSION

### I. *Waiver of Right to Appeal*

█ The Secretary argues that appellant's failure to object to the magistrate's recommendation that summary judgment should be granted in the Secretary's favor constitutes a waiver of the right to appeal. The failure to object to a conclusion of law, such as whether there is substantial evidence, does not constitute a waiver of the right to appeal. *See Greenhow v. Secretary of Health and Human Services*, 863 F.2d 633, 635–36 (9th Cir.1988).

### II. *Standard of Review*

█ This court reviews de novo the district court's decision granting the Secretary's motion for summary judgment. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989). This court must affirm a denial of disability benefits if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. *See Davis v. Heckler*, 868 F.2d 323, 325 (9th Cir.1989). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but is "less than a preponderance." *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). This court cannot affirm the Secretary by simply isolating a certain amount of supporting evidence. *See Hammock*, 879 F.2d at 501. In reviewing the record, this court must examine the administrative record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *See Davis*, at 326.

### III. *Whether Appellant Satisfies the Listing of Impairments*

The ALJ made a five page, single-spaced summary of the record. The ALJ stated the information from each of the doctors and summarized appellant's testimony. The ALJ stated that the record substantiated some of appellant's complaints. The ALJ did not, however, state what evidence supported the conclusion that appellant's impairments do not meet or exceed the Listing of Impairments. Appellant argues that the Secretary committed error by failing to discuss why he did not satisfy the Listing of Impairments.

The regulations merely require the Secretary to "review the symptoms," 20 C.F.R. § 404.1526 (1988), and make specific findings essential to the conclusion. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984) (per curiam); *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir.1981). "'An examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *See Lewin*, 654 F.2d at 635 (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3rd Cir.1979)).

■ It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The Secretary's four page "evaluation of the evidence" is an adequate statement of the "foundations on which the ultimate factual conclusions are based." To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process. *See Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir.1985).

IV. *Claimant's Pain Testimony*

■ Because the Secretary concluded that appellant's subjective complaints were out of proportion to the medical evidence, this case involves excess pain testimony. *See Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 584 (9th Cir.1988), *modified*, 859 F.2d 1396 (9th Cir. 1988) (hereinafter *Varney II*). In finding that appellant's testimony was not completely credible, the ALJ did not "fully articulate reasons for refusing to credit" appellant's subjective pain testimony.[1]

A possible explanation why the ALJ discounted appellant's pain testimony is that "[claimant] indicated that twice a day he walked one to one and a half miles, and he sometimes watches ball games, alternating sitting and standing, for an hour to an hour and a half at a time."[2] ALJ Findings of

Dec. 11, 1985, at 14. However, the ALJ did not specifically link the testimony about appellant's daily activity to a conclusion that appellant's excess pain testimony lacked credibility. Moreover, there was absolutely no finding to the effect that the ability to perform those daily activities translated into the ability to perform appropriate work. *Cf. Fair*, 885 F.2d at 602 ("Yet if a claimant is able to spend a substantial part of his day engaged in pursuits ... that *are* transferable to a work setting, a specific finding *as to this fact* may be sufficient to discredit an allegation" of excess pain) (latter emphasis added). The ALJ's opinion indicates that he probably disbelieved the excess pain testimony because it was "out of proportion to the medical evidence"—an inadequate reason, since it is the very nature of excess pain to be out of proportion to the medical evidence.

While the ALJ's failure to link his discounting of the appellant's pain testimony to the appellant's testimony about his daily activities may seem to be a minor error, we are wary of speculating about the basis of the ALJ's conclusion—especially when his opinion indicates that the conclusion may have been based exclusively upon an improper reason.

In *Varney II*, after concluding that the ALJ failed to properly articulate reasons for discrediting pain testimony, and after

1. In *Bates v. Sullivan*, 894 F.2d 1059, 1071 (9th Cir.1990), the concurring opinion suggested that the line of cases beginning with *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986), is inconsistent with the line of cases beginning with *Gonzalez v. Harris*, 631 F.2d 143 (9th Cir.1980). The concurrence stated that *Cotton* relied on 42 U.S.C. § 423(d)(5)(A), which pursuant to a sunset clause, 98 Stat. 1799–1800, is not applicable to decisions rendered after January 1, 1987. *Bates*, 894 F.2d at 1071.

Be that as it may, this case is governed by the *Cotton* line of cases, which includes *Varney*, *Varney II*, and *Hammock*. The Appeals Council denied appellant's claim on February 13, 1986, before the date of January 1, 1987. Accordingly, we have no occasion to attempt to reconcile whatever inconsistency may exist. We do not purport to do so.

2. This court has recently stated that an ALJ may look to testimony of a claimant's daily activities to support a finding that subjective pain complaints are incredible:

[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working.

This line of reasoning clearly has its limits: The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, ... and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication. Yet if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.

*See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989).

determining that "there are no [other] outstanding issues that must be resolved," this court adopted claimant's pain testimony as true. 859 F.2d at 1400. In *Hammock*, we extended *Varney II* and accepted the claimant's subjective pain testimony as true even though additional issues remained to be decided on remand. 879 F.2d at 503. This case is distinguishable from *Hammock* because the ALJ identified evidence that *may* have been the basis for his credibility finding. Since we simply cannot tell if it was the basis, a remand is the proper disposition. We do not imply that the daily activity testimony necessarily would support a finding of no credibility; we leave the question open.

If on remand, the ALJ accepts the appellant's pain testimony as true, the appellant is not necessarily entitled to benefits. Even considering appellant's pain, Dr. Williams said appellant could perform light work and Dr. Eltherington said that he could perform sedentary work. Drs. McAdams and Williams reached the opposite conclusion. If the ALJ finds Gonzalez's pain testimony to be true, he should then determine whether Gonzalez has the residual functional capacity to perform sedentary work. *See Hammock*, 879 F.2d 504; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987) ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."). The Secretary must employ a vocational expert. *See Hammock*, 879 F.2d at 504.

## V. *Application of the GRIDS*

■ Once a claimant proves he cannot return to his former work, the Secretary must show that there are jobs in the national economy that the claimant can perform. *See Jones v. Heckler*, 760 F.2d 993, 998 (9th Cir.1985). If the Medical–Vocational Guidelines (grids) do not completely and accurately describe residual functional capacity or work abilities, the Secretary may not rely exclusively on the grids to show the availability of jobs. *Id.* "Absent other reliable evidence of [claimant's] ability to perform specific jobs," the Secretary

must use a vocational expert. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir.1985).

■ Even though the Secretary found substantiating evidence for appellant's bladder problem, he applied Rule 201.19 of Table 1, Appendix 2 and found that appellant was not disabled. The Secretary did not explain how appellant's incontinence affects his ability to work or whether incontinence constitutes a nonexertional limitation in this case. *See Haynes v. Heckler*, 716 F.2d 483, 485 (8th Cir.1983) (colon discomfort and recurrent episodes of diarrhea are nonexertional limitations). This omission is error. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984) (per curiam) (Secretary must make specific findings essential to the conclusion); *Lewin v. Schweiker*, 654 F.2d at 635 (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3rd Cir.1979)) (same). On remand, the Secretary must employ a vocational expert to consider whether appellant's incontinence, in combination with his pain, enables him to perform other work, which is available in the national economy in significant numbers. *See Hammock*, at 504.

However, this court cannot consider appellant's argument that the loss of three fingers is a nonexertional limitation. As the Secretary correctly points out in his brief, appellant failed to raise this issue in the district court. Moreover, appellant failed to show this court the existence of exceptional circumstances or give a convincing explanation for the failure to present this argument below. Accordingly, we hold that appellant has waived this argument on appeal. *See Greenhow*, 863 F.2d at 638–39. On remand, however, Gonzalez may raise the issue of his loss of three fingers before the ALJ. *See* 20 C.F.R. § 416.1446(b)(1).

## VI. *Refusal to Reopen*

■ Generally, courts do not have jurisdiction to review the Secretary's decision not to reopen a previously adjudicated claim. *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir.1985), *cert. denied sub nom. Krumpelman v. Bowen*, 475 U.S. 1025, 106 S.Ct. 1222, 89 L.Ed.2d 332

(1986); *Davis v. Schweiker,* 665 F.2d 934 (9th Cir.1982). If, however, a person makes a colorable constitutional claim that the decision not to reopen violates the due process clause of the fifth amendment, this court has jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977) (constitutional argument an exception to rule). Appellant argues that the Secretary's initial notice deprived him of procedural due process.

■ Appellant is no longer working and alleges that he cannot work because of his physical maladies. He therefore has a significant property interest in receiving disability benefits. An applicant for social security benefits has a property interest in those benefits. *See Wright v. Califano,* 587 F.2d 345, 354 (7th Cir.1978); *Butland v. Bowen,* 673 F.Supp. 638, 641 (D.Mass. 1987). Because appellant has a protected interest, this court must determine what process is due. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

The Secretary's initial notice of an adverse decision included the following language:

> If you believe that this determination is not correct, you may request that your case be reexamined. If you want this reconsideration, you must request it not later than 60 days from the date you receive this notice. You may make your request through any social security office. If additional evidence is available, you should submit it with your request. Please read the enclosed leaflet for a full explanation of your right to question the determination made on your claim.

> If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time.

The district courts have uniformly held that this notice form violates a claimant's fifth amendment right to procedural due process. *See Christopher v. Secretary of Health and Human Serv.,* 702 F.Supp. 41, 43 (N.D.N.Y.1989); *Butland,* 673 F.Supp. at 640–42; *Dealy v. Heckler,* 616 F.Supp. 880, 884–87 (W.D.Mo.1984). We agree.

■ Requiring notices to accurately state how a claimant might appeal an initial decision does not impose a significant financial or administrative burden on the Secretary. *See Butland,* 673 F.Supp. at 641. Moreover, the form of the notice used here is sufficiently misleading that it introduces a high risk of error into the disability decisionmaking process. *See id.* One of the fundamental requirements of procedural due process is that a notice must be reasonably calculated to afford parties their right to present objections. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice given in this case does not clearly indicate that if no request for reconsideration is made, the determination is final. We conclude that the notice violates appellant's fifth amendment right to due process.

On remand, if the Secretary concludes that plaintiff is disabled, the Secretary must calculate the benefits by using an onset date of March 8, 1982.

## CONCLUSION

On remand, Gonzalez also may raise the issue of his loss of fingers before the ALJ. We vacate the decision of the district court with directions to remand this matter to the Secretary to determine the following: whether, accepting appellant's pain testimony as true and considering appellant's incontinence, appellant could perform other work. If the vocational expert determines that appellant cannot perform other work, the Secretary is directed to grant benefits with an onset date of March 8, 1982. If the vocational expert determines that appellant can perform other work, the Secretary must show that the "other work" is available in the national economy in significant numbers. 20 C.F.R. § 404.1560(b)(3).

**VACATED and REMANDED.**