30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank VETSCH, Jr., on Behalf of Joyce Vetsch, deceased,
** Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, Health and Human Services,
Defendant-Appellee.
 No. 93-35340.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided Aug. 2, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joyce Vetsch appeals the magistrate judge's decision granting the Secretary's motion for summary judgment in her action for disability benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 405(g). Vetsch contends that the Secretary erred by rejecting as not credible Vetsch's evidence that she was disabled due to fatigue prior to March 31, 1966. We have jurisdiction under 28 U.S.C. Sec. 636(c)(3) and Sec. 1291, and affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 In April 1965, Vetsch was referred to Neurologist C.M. Gottlieb for neurological tests based on Vetsch's complaints of numbness in the right side of her body. Dr. Gottlieb suspected that Vetsch had a demyelinating disease, but after performing various tests, found that she had no incoordination, no visual or mental impairment, and no reproducible fatigue of motor function. Transcript ("Tr.") at 175. Dr. Gottlieb also reported that "muscle strength was normal throughout in the upper and lower extremities." Id.
 
 
 4
 Aside from two pregnancy related hospital visits in November 1965 and in September 1968, Vetsch did not seek medical treatment again until 1970. In July 1970, Vetsch was examined again by Dr. Gottlieb, who indicated in his records that he suspected multiple sclerosis and "we, in all likelihood, were dealing with demyelinating disease which had moderately progressed." Tr. 170. Dr. Gottlieb first recorded Vetsch's complaints of fatigue in July 1970 and again in October 1971.
 
 
 5
 In February 1973, Vetsch consulted Dr. Roy F. Kokenge, who formally diagnosed Vetsch for the first time with multiple sclerosis. Dr. Kokenge reported that Vetsch "[d]uring the past several years ... has marked fatigue." Dr. Kokenge opined that Vetsch had met the disability requirements since 1965.
 
 
 6
 At the time of the administrative hearing, Vetsch was 55 years old, a high school graduate, and the mother of five children born between 1957 and 1968. From 1954 to the end of 1965, Vetsch worked as a life insurance clerk. Her job duties included handling payments, filing cards, answering a telephone, and operating a typewriter and adding machine. From 1965 to 1968, she worked two days a week doing food demonstrations at grocery stores. Vetsch testified that in 1965-1966, she did laundry, got the mail, planned dinner, and cared for her children but that she took frequent naps and received help from her children and mother. In 1973, Vetsch began using a cane, and in 1976, a wheelchair.
 
 
 7
 Vetsch applied for disability benefits in May 1981, alleging disability due to multiple sclerosis with an onset date prior to March 31, 1966. The application was denied because it was based on the same issues addressed in a 1973 claim, which was rejected. However, the plaintiff subsequently was allowed to reopen her claim, because of the holding in Gonzalez v. Sullivan, 914 F.2d 1197 (9th Cir.1990), which found certain procedural problems connected with disability determination notices issued in earlier years. She again applied for disability benefits in May 1990, claiming an onset date of March 31, 1966.[1]
 
 
 8
 At a 1991 hearing before the ALJ, Frank Vetsch, Jr., testified that in 1965 his wife's fatigue was the most noticeable symptom of her illness and that Dr. Gottlieb had told his wife she should take it easy and live the life of a "lazy Southern belle" (i.e. limit her activities to as little as possible) so as not to aggravate her disease. In addition, Vetsch submitted about a dozen letters and declarations, dated from the years 1981 and 1990, from friends, family, and coworkers about their observations of Vetsch's fatigue between 1963 and 1966.
 
 
 9
 The ALJ denied benefits in January 1992. In rejecting Vetsch's claim, the ALJ concluded that prior to the expiration of her insured status on March 31, 1966: (1) although Vetsch had severe demyelinating disease symptoms consistent with multiple sclerosis, Vetsch was not impaired within the meaning of the social security listings; (2) Vetsch's claims of excessive fatigue were inconsistent with the preponderance of medical and other evidence and therefore were not credible; and (3) Vetsch was capable of performing her past relevant work. ALJ Decision, at 8-9 (1992).
 
 ANALYSIS
 
 10
 To be entitled to benefits under Title II, the claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). In this case, Vetsch last met the insured status requirements on March 31, 1966. Thus, she must prove that she became disabled on or before that date.
 
 
 11
 Vetsch contends that she submitted sufficient evidence to establish that she was totally disabled prior to March 31, 1966. She notes that her treating physician, Dr. Kokenge, opined that she met the requirements under 20 C.F.R. Sec. 11.09, App. 1, Subpt. P[2] for a disability finding as of May 1965. However, the ALJ found that a review of Dr. Gottlieb's actual notes and clinical records did not support Dr. Kokenge's opinion that Vetsch met the listing requirements as of March 31, 1966. The ALJ noted that Dr. Gottlieb's 1965 medical report did not mention fatigue, found normal muscle strength, and did not definitely diagnose multiple sclerosis.[3] ALJ Decision at 6. It was not in error to give greater weight to the treating physician at the time in question. See Magallanes v. Bowen, 881 F.2d 747, 754 (9th Cir.1989) (discounting a treating physician's retrospective opinion of a claimant's condition).
 
 
 12
 Vetsch also contends that the ALJ erred in discrediting her testimony and that of her friends and family that she suffered from debilitating fatigue as early as 1963. Vetsch notes that excessive fatigue is a natural symptom of multiple sclerosis.
 
 
 13
 The Secretary may not discredit Vetsch's claims of excessive fatigue solely on the ground that the allegations are not supported by objective medical evidence. Cf. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc). If a claimant submits objective medical findings of an impairment that would normally produce a given symptom, but testifies that she experiences such symptoms to a greater degree than would normally be expected, the Secretary may disbelieve that testimony, but must make specific findings justifying the decision. Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989).
 
 
 14
 The ALJ discredited Vetsch's testimony that her fatigue was disabling in 1965 because: (1) she did not report the fatigue to her doctor until 1970; (2) she was able to work part-time from 1965 to 1968; (3) she was able to care for her children and home with help from her family; and (4) she did not seek medical treatment from 1965 to 1970. The ALJ gave only limited weight to the letters and declarations of friends and family because they were "trying to recall events that happened many years ago," in some cases close to 30 years ago.
 
 
 15
 The ALJ's credibility findings were supported by substantial evidence, and thus are conclusive. 42 U.S.C. Sec. 405(g). As we have held, examples of specific reasons to discredit an allegation of a symptom include an unexplained failure to seek treatment or daily activities inconsistent with the allegation. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). For these reasons, the judgment is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Frank Vetsch, Jr., is substituted as plaintiff on behalf of his wife, Joyce Vetsch, who died on May 21, 1993. See Fed.R.App.P. 43(a)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The ALJ declined to apply the doctrine of res judicata to the 1973 adjudication because the HHS's office of hearings and appeals was unable to locate a copy of the prior decision in its records. See ALJ Decision, at 3
 
 
 [2]
 That section provides for a finding of disability due to multiple sclerosis when a claimant has: (1) significant and persistent disorganization of motor function in two extremities, or (2) severe visual or mental impairment, or (3) "[s]ignificant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination." Sec. 11.09A-C
 
 
 [3]
 In his April 30, 1965, report, Dr. Gottlieb stated that Mrs. Vetsch had no ataxia or incoordination. Tr. 175 (Exh. 46). The doctor also found that muscle strength was normal throughout the upper and lower extremities. Id. Based on this, the ALJ found no evidence of the "significant and persistent disorganization of motor function in two extremities" needed to satisfy the criteria of Sec. 11.09A. The ALJ also found no evidence of visual or mental impairment to qualify under Sec. 11.09B, or of "significant, reproducible fatigue of motor function with substantial muscle weakness," as required under Sec. 11.09C