USCA1 Opinion

 

 March 9, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2309 NORMA GILBERT, Plaintiff, Appellant, v. LOUIS W. SULLIVAN, SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ ERRATA SHEET The opinion of this Court issued on March 6, 1995 is amended as follows: On Page 5, line 15, delete "see, e.g.," ___ ____ On Page 5, line 16, delete "see, e.g.," ___ ____ On Page 5, line 17, delete "see, e.g.," ___ ____ On Page 6, lines 12-13, delete "828 F. Supp. 815 (D.Colo. 1993), aff'd," _____  March 6, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2309 NORMA GILBERT, Plaintiff, Appellant, v. LOUIS W. SULLIVAN, SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ David B. Green on brief for appellant. ______________ Edwin J. Gale, United States Attorney, Stephanie S. Browne, _____________ ___________________ Assistant United States Attorney, Randolph W. Gaines, Acting ___________________ Deputy Chief Counsel for Social Security, A. George Lowe, Deputy _______________ Chief Counsel for Social Security Disability Litigation, and Mary ____ Ellen Russell, Office of the General Counsel, Social Security ______________ Division, Department of Health and Human Services, on brief for appellee. __________________ __________________ Per Curiam. Claimant Norma Gilbert appeals a district __________ court judgment affirming the Secretary's refusal to reopen a prior denial of social security disability benefits. I I _ In June 1990, Gilbert filed her second application for social security disability benefits and, after a hearing, was found to have been disabled since April 30, 1984. A November 1984 application had alleged the same impairment and the same disability onset date. The 1984 claim was filed without the assistance of counsel and Gilbert failed to pursue the denial past the reconsideration stage. As a result, the reconsidered denial became the final agency determination. See 20 C.F.R. 404.921. In 1990, Gilbert sought to reopen ___ the earlier application. Because more than five years had elapsed between the adverse notification on the first application and the filing of the current application, the Administrative Law Judge (ALJ) found no record indication of fraud or clear error under 20 C.F.R. 404.988(c)(1) or (c)(8) to warrant reopening the first determination, which was deemed administratively final. Subsequently, the agency limited Gilbert's retroactive benefits to June 1989, one year preceding the second application. See 42 U.S.C. 423(b); 20 ___ C.F.R. 404.621(a)(1)(i). In district court, Gilbert complained that the Secretary improperly refused to pay disability benefits from May 1984 -2- to June 1989 and raised a constitutional challenge to the reopening refusal. Claimant also contended that there had been a de facto reopening of the 1984 application.1 The __ _____ district court concluded that the ALJ had not reopened the prior determination and, without reaching the constitutional question, dismissed the complaint for lack of subject matter jurisdiction under the authority of Califano v. Sanders, 430 ________ _______ U.S. 99, 108 (1977).2 Gilbert's motion for summary judgment was also denied, and this appeal ensued. Our review of a dismissal for lack of subject matter jurisdiction is de novo. See Shea v. Rev-Lyn Contracting ___ ____ ____________________ Co., 868 F.2d 515, 517 (1st Cir. 1989). Reopening decisions ___ are a matter of agency discretion and generally are not  ____________________ 1. Contrary to claimant's assertions, however, there is no authority for a de facto reopening "at any time" absent the __ _____ narrow exceptions laid out in 404.988(c)(1)-(c)(11). The Secretary's discretion to reopen cannot be extended beyond the scope of the regulatory scheme, 20 C.F.R. 404.988, and all reopenings, whether express or implied, are subject to those regulatory requirements. Since claimant wholly failed to identify any fraud or clerical error, 20 C.F.R. 404.988(c)(1),(c)(8), in connection with the first application, the Secretary lacked discretion to reopen and no constructive reopening could have occurred. See Coates on ___ _________ behalf of Coates v. Bowen, 875 F.2d 97, 102 (7th Cir. 1989). ________________ _____ 2. The Secretary's motion to dismiss under Fed. R. Civ. P. 12(b)(1) included an affidavit with relevant administrative decisions attached as exhibits, but without the complete administrative record. We have indicated before that the better practice is the routine filing of the entire administrative record. Torres v. Secretary of HHS, 845 F.2d ______ _________________ 1136, 1137 n.1 (1st Cir. 1988). Nonetheless, the limited record before us is sufficient to decide the essentially legal question presented here. -3- subject to judicial review, but an exception exists if a colorable constitutional claim is presented. Sanders, 430 _______ U.S. at 109; Dudley v. Secretary of HHS, 816 F.2d 792, 795 ______ _________________ (1st Cir. 1987); Carver v. Secretary of HHS, 869 F.2d 289, ______ ________________ 292 (6th Cir. 1989) ("[C]ourts have consistently upheld the imposition of the doctrine of administrative res judicata in social security cases except under circumstances that implicate a colorable constitutional issue."). Gilbert argues that the denial notices given when she was proceeding pro se on the first application did not explain the ___ __ consequences of reapplying for benefits rather than seeking further administrative review, and therefore violated her procedural due process rights.3 Gilbert relies on Gonzalez v. Sullivan, 914 F.2d 1197, ________ ________ 1203 (9th Cir. 1990), which held that the initial denial  ____________________ 3. Procedural due process in the social security context requires no more than an opportunity to be heard "`at a meaningful time and in a meaningful manner.'" Mathews v. _______ Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. ________ _________ Manzo, 380 U.S. 545, 552 (1965)). _____ -4- notice Gonzalez received violated due process.4 In pertinent part, the denial notice in Gonzalez informed: ________ If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time. Id. The Gonzalez court found that notice constitutionally ___ ________ infirm because it failed to inform how to appeal a denial: [T]he form of the notice used here is sufficiently misleading that it introduces a high risk of error into the disability process. . . . The notice given in this case does not clearly indicate that if no request for reconsideration is made, the determination is final. We conclude that the notice violates appellant's fifth amendment right to due process. Id.  ___ Other courts have recognized that the particular notice form used in Gonzalez poses serious due process concerns. ________ See, e.g., Day v. Shalala, 23 F.3d 1052, 1065-66 (6th Cir. ___ ____ ___ _______ 1994); Aponte v. Sullivan, 823 F. Supp. 277, 282 (E.D.Pa. ______ ________ 1993); Christopher v. Secretary of HHS, 702 F. Supp. 41, 43 ___________ _________________ (N.D.N.Y. 1989); Butland v. Bowen, 673 F. Supp. 638, 641 _______ _____ (D.Mass. 1987); Aversa v. Secretary of HHS, 672 F. Supp. 775, ______ ________________ 777 (D.N.J. 1987); Dealy v. Heckler, 616 F. Supp. 880, 887 _____ _______  ____________________ 4. The Gonzalez decision became the subject of the ________ Secretary's Acquiescence Ruling 92-7(9) (published September 30, 1992). According to the ruling, claimants who received a Gonzalez notice before July 1, 1991 and did not appeal, but ________ subsequently filed another application that either requested a reopening of the prior determination or requested some or all of the benefits then claimed, were entitled to a new determination based on the merits of their claim without regard for the usual time limits imposed upon reopening requests. -5- (W.D.Mo. 1984); see also Burks-Marshall v. Shalala, 7 F.3d ___ ____ ______________ _______ 1346, 1349 (8th Cir. 1993) (dictum).5 Gilbert's notice is not available, but the Secretary concedes that it is substantially the same as that rejected in Gonzalez. As it is undisputed that claimant received the ________ kind of Gonzalez notice that courts have uniformly recognized ________ as inadequate, we find that Gilbert has proffered a colorable constitutional claim and the district court had jurisdiction to review the denial of reopening. II II __ The Secretary argues, however, that Gilbert's due process claim is not colorable because she has not demonstrated that she forfeited her right to appeal the prior denial in reliance on the notice. The question was not discussed in Gonzalez, but we believe that reliance on the ________ defective notice is a core ingredient of claimant's prima _____ facie showing of a due process deprivation. "Without such _____ reliance, the injury is not fairly traceable to the challenged action." Gilbert v. Shalala, __ F.3d __, 1995 WL _______ _______ 16762, *2 (10th Cir. Jan. 17, 1995). Only claimants who detrimentally relied on an inadequate notice could have been  ____________________ 5. In Gilbert v. Shalala, 828 F. Supp. 815, 816 (D.Colo _______ _______ 1993), aff'd, __ F.3d __, 1995 WL 16762 (10th Cir. Jan. 17, _____ 1995), the court reached a different conclusion, but there, the allegedly deficient Gonzalez notice also contained this ________ language: "A new application is not the same as an appeal of this determination." -6- injured by it and were entitled to reopen their applications. Day, 23 F.3d at 1066; see also Burks-Marshall, 7 F.3d at ___ ___ ____ ______________ 1349; Delyria v. Shalala, 856 F. Supp. 1432, 1443 (D.Or. _______ _______ 1994); Butland, 673 F.Supp. at 642; Dealy, 616 F. Supp. at _______ _____ 886; cf. Air Line Pilots Ass'n v. Precision Valley Aviation, ___ ______________________ __________________________ Inc., 26 F.3d 220, 226 (1st Cir. 1994) (party invoking unique ____ circumstances exception to untimely notice of appeal must show that detrimental reliance on judicial statement or action was objectively reasonable); Jimenez-Nieves v. United ______________ ______ States, 682 F.2d 1, 4 (1st Cir. 1982) (justifiable reliance ______ upon a representation--taking action or refraining from it-- is an essential element of the tort of negligent misrepresentation). Thus, to succeed on the merits of her constitutional claim, Gilbert must show that she relied on the flawed notice and was prejudiced. Day, 23 F.3d at 1066, assigned essentially objective ___ criteria by which to assess whether or not a claimant had established injury because of reliance upon erroneous information: those claimants who received an inadequate denial notice, reapplied (rather than appealing the prior denial), and were met with either a res judicata defense or a ___ ________ reduced award had detrimentally relied on the faulty notice. See id. & n.17; see also Delyria, 856 F. Supp. at 1439-40. ___ ___ ___ ____ _______ We agree, in the circumstances presented here, that the -7- detrimental reliance test governs the showing claimant must make to succeed on her procedural due process claim. Parsing Day's formulation, undisputed historical facts ___ of record support a finding of detrimental reliance in this case. Gilbert was denied benefits on her prior pro se ___ __ application; she received an admittedly defective Gonzalez- ________ type notice, and, acting in conformity with the notice, filed a new application requesting a reopening. She later testified that she did not know how to appeal the prior denial. That Gilbert did not appeal but instead chose to reapply for the same benefits evidences her reliance on the Secretary's erroneous advice. See n.4, supra. Upon ___ _____ redetermination, Gilbert received retroactive benefits reduced to one year and suffered the loss of almost five years of benefits. Since the record indicates both reliance on erroneous advice and concomitant actual harm, we conclude that the Secretary's refusal to reopen violated claimant's due process rights. If the 1990 application had been claimant's first, payment of retroactive disability benefits would clearly be limited to one year prior to the application. 42 U.S.C. 423(b); 20 C.F.R. 404.621(a)(1); Crady v. Secretary of HHS, _____ ________________ 835 F.2d 617, 619-20 (6th Cir. 1987). Since we conclude that claimant has interposed a meritorious constitutional claim, the procedural bar to reopenings after four years is lifted, -8- and the relevant application date for retroactive benefits purposes would be the onset date claimed in the first application. See, e.g., Ferguson v. Sullivan, 718 F. Supp. ___ ____ ________ ________ 1269, 1271-72 (W.D.N.C. 1989) (constitutional interest implicated by claimant's mental incapacity to pursue administrative appeal required that disability benefits be calculated from previous application); see also Culbertson v. ___ ____ __________ Secretary of HHS, 859 F.2d 319, 322-24 (4th Cir. 1988) __________________ (similar). The award of one year of retroactive benefits is too skimpy and benefits must be calculated from the April 30, 1984 disability date. -9- III III ___ Ordinarily, having decided that the district court had jurisdiction to review the reopening denial, we would remand for further consideration below and not address the merits of the case. In the distinctly unusual circumstances of this case, where the record is for all practical purposes complete, where the Secretary's concession regarding the critical notice language is conclusive as to the content of claimant's notices, and where Gilbert's reliance is sufficiently evidenced in the record to enable this court to decide the largely legal question whether the Secretary's reopening rules should be relaxed, a remand is not required. See Guglietti v. Secretary of HHS, 900 F.2d 397, 399 (1st ___ _________ _________________ Cir. 1990); see also Young v. Bowen, 858 F.2d 951, 956 (4th ___ ____ _____ _____ Cir. 1988); King v. Commissioner, 458 F.2d 245, 249 (6th Cir. ____ ____________ 1972). We conclude that the Secretary could not constitutionally refuse to reopen Gilbert's first application and that claimant should have been awarded disability benefits for the period commencing April 30, 1984. The judgment of the district court is reversed and the case is remanded with instructions to return the case to the Secretary for an award of disability benefits from April 30, 1984. Reversed and remanded. ______________________ -10-