**Aleksandr NIKITCHUK, Plaintiff— Appellant,**

**v.**

* This disposition is not appropriate for publication and is not precedent except as provided

Michael J. ASTRUE,* Commissioner
of Social Security, Defendant—
Appellee.

No. 05–16220.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2007.**

Filed June 26, 2007.

by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration.   Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument.   *See* Fed. R.App. P. 34(a)(2).

742

Maria V. Daquipa, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM ***

Reviewing *de novo* the district court's order upholding the Social Security Commissioner's ("Commissioner") denial of benefits, we may not set aside the Commissioner's decision if it is both free of legal error and supported by substantial evidence. *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir.1990). The substantial evidence inquiry is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). Applying this standard, an Administrative Law Judge's ("ALJ") "findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 & n. 1 (9th Cir.2004) (internal citations omitted).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

An ALJ can reject a claimant's testimony regarding the severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.* at 1196 (citation omitted). Where an ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir.2002). In this case, the ALJ did not err by discrediting Nikitchuk's testimony. Instead, he appropriately considered various factors such as the nature, duration, and intensity of Nikitchuk's pain; the type and effectiveness of pain medication Nikitchuk used; treatment options other than medication Nikitchuk pursued; and Nikitchuk's daily activities. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.2005). The ALJ also properly considered the lack of medical evidence corroborating Nikitchuk's testimony as one factor in his credibility determination. *Id.* at 681. Furthermore, the ALJ appropriately considered the affirmative medical evidence in the record that contradicted Nikitchuk's testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995). Finally, the ALJ did not err by considering Dr. Martin's observation that Nikitchuk moved freely and without obvious pain around the examination room, but displayed "much grimacing and pain vocalization not noted casually" during the examination. *See Batson*, 359 F.3d at 1196. Because the record evidence in this case reasonably supports the ALJ's decision, we may not substitute our judgment for the decision reached below. *Id.*

The ALJ did not err by discrediting Dr. Reyzelman's report. When a treating physician's opinion is contradicted by a non-treating physician who bases his

view on independent clinical findings that differ from those of the treating physician, an ALJ is not required to defer to the treating source, but rather may resolve the conflict as he sees fit. *Andrews,* 53 F.3d at 1041. The ALJ's credibility determination is supported by substantial record evidence, including Dr. Martin's report and observations, which were supported by other independent medical reports in the record. Additionally, the ALJ properly considered that Dr. Reyzelman's report was not corroborated by any objective clinical findings. Further, Dr. Reyzelman's report itself gave no indication of the testing procedures that yielded its conclusions. Finally, while Dr. Reyzelman stated that objective evidence supported Nikitchuk's complaints, he provided neither an explanation of this evidence, nor an indication of where it might be found. Accordingly, the ALJ did not err by determining that Dr. Reyzelman's report appeared based on Nikitchuk's self-serving subjective statements. Because the ALJ's findings are supported by inferences reasonably drawn from the record, and because we must defer to the ALJ where evidence exists to support more than one rational interpretation of the record, the ALJ did not err by crediting Dr. Martin's report over Dr. Reyzelman's. *Batson,* 359 F.3d at 1193 & n. 1; *see also Thomas,* 278 F.3d at 954.

The ALJ did not err by relying on the Medical–Vocational Guidelines rather than eliciting expert testimony to determine Nikitchuk's residual functional capacity, because the ALJ determined that no non-exertional limitation significantly affected Nikitchuk's exertional capabilities, *Bates v. Sullivan,* 894 F.2d 1059, 1063 (9th Cir.1990), and this finding is supported by substantial evidence. Although Dr. Martin's report indicated a significantly limited range of motion in Nikitchuk's shoulder, Nikitchuk voluntarily terminated physical therapy on the shoulder just over a month later, stating that it felt better and he did not wish to continue the program. Physician's notes at that time indicated his shoulder had improved by fifty percent. Furthermore, to the extent Nikitchuk's "push-pull" ability was limited, "push-pull" is an exertional attribute that does not bear on whether Nikitchuk's shoulder was a significant non-exertional limitation. 20 C.F.R. § 416.969a(b). Although Dr. Martin and Dr. Bianci reported that Nikitchuk "would likely benefit" from elevating his legs, neither physician identified a work-related limitation stemming from a need to elevate his legs. Moreover, both physicians concluded that Nikitchuk could stand and walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day. The ALJ's finding that Nikitchuk suffered *no non-exertional limitations is* supported by substantial evidence, and his exclusive reliance on the Guidelines was therefore appropriate.

All of Nikitchuk's other arguments have been considered and are rejected. **AFFIRMED.**