**Roy D. WORTH, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

**No. 08–35104.**

United States Court of Appeals, Ninth Circuit.

---

Submitted May 8, 2009.*

Filed May 20, 2009.

William Otis Bronson, Bronson, Luinstra & Young, P.L.L.C., Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, Dorrelyn K. Dietrich, Esquire, Robert L. Van Saghi, Esquire, SSA–Social Security Administration General Counsel's Office, Denver, CO, for Defendant–Appellee.

Before: WARDLAW, PAEZ, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Roy Worth appeals from the judgment affirming the Commissioner of Social Security's final decision to deny his application for disability insurance benefits under Title II of the Social Security Act. Worth challenges the ALJ's findings that (1) his impairments are not equivalent to those in the Listing of Impairments, and (2) he has the residual functional capacity to perform full-time light or sedentary work with certain accommodations. We have jurisdic-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion pursuant to 28 U.S.C. § 1291, and we affirm.

█ First, we conclude that substantial evidence supported the ALJ's determination at step three that Worth's impairments were not medically equivalent to the listings in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and that the factual basis for the ALJ's determination is clear. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1200–01 (9th Cir.1990). The medical record revealed that Worth suffered neither nerve root compression nor symptoms of compression, such as sensory or reflex loss; substantial evidence therefore supported the determination that Worth's impairments were not equivalent to listing 1.04(A). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04(A). The record further revealed that although Worth's ability to walk is somewhat limited, such limitations are not sufficiently "extreme" to render Worth unable "to ambulate effectively," as required to equal listing 1.02(A). *See id.* at 1.00(B)(2)(b), 1.02(A).

█ Second, we conclude that substantial evidence supported the ALJ's determination that Worth has the residual functional capacity to perform full-time light or sedentary work with certain accommodations. The ALJ provided several "specific and legitimate reasons" for rejecting Dr. Galvas's controverted opinion that Worth could not work a full day, explaining that (1) multiple examining physicians and an examining physical trainer reported that Worth could return to light or sedentary work; (2) Dr. Galvas's medical notes regarding Worth's capacity to work revealed internal inconsistencies; (3) Dr. Galvas's opinion regarding Worth's capacity to work appeared inconsistent with the extent of Worth's reported daily activities; and (4) the opinion was not supported by any medical findings. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998). Because these reasons were supported by substantial evidence, we must affirm.

**AFFIRMED.**