76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janice C. HOLMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,** Defendant-Appellee.
 No. 95-55180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Janice Holman appeals the magistrate judge's decision[1] granting the Commissioner's motion for summary judgment in her action for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a decision granting the Commissioner's summary judgment motion. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). We must affirm the denial of disability benefits if the administrative law judge's ("ALJ") findings are supported by substantial evidence. Id. "Substantial evidence is 'more than a mere scintilla,' but is 'less than a preponderance.' " Id. (citations omitted).
 
 
 4
 Because the ALJ found that Holman had physical and mental impairments which prevented her from performing her past relevant work, the burden shifted to the Commissioner "to demonstrate that [Holman] can perform other types of work that exist in the national economy, given her residual functional capacity, age, education and work experience." Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir.1989) (citations and footnote omitted).
 
 
 5
 Holman contends that the ALJ's decision was not supported by substantial evidence because the Dictionary of Occupational Titles ("DOT") establishes that Holman is not able to perform as many types of occupations as the vocational expert testified Holman would be able to perform. This contention lacks merit.[2]
 
 
 6
 Since the magistrate judge's decision in this case, this court has stated that although "[t]he DOT is not the sole source of admissible information concerning jobs," where the Commissioner relies "on expert testimony which contradicts the DOT ..., the record [must] contain[ ] persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995) (citation and internal quotation omitted). We need not consider whether the record contains persuasive evidence to support the ALJ's reliance on the vocational expert's testimony, however, because we conclude that there is no deviation between the expert testimony and the DOT.
 
 
 7
 Here, the ALJ found that Holman was able to perform "routine and repetitive, entry level, minimally stressful work with no frequent contact with the general public, and only superficial interpersonal contact." Appellant does not challenge this factual finding. In response to a hypothetical including this limitation as well as Holman's age, education, work experience and physical limitations, the vocational expert testified that there were a total of 44,000 jobs in the Los Angeles area which Holman could perform.
 
 
 8
 Holman argues that the ALJ's use of the words "routine and repetitious" and the vocational expert's use of the word "simple" place limitations on the general category of "unskilled work" which demonstrates a contradiction between the vocational expert's testimony and the DOT. After reviewing the transcript of Holman's administrative hearing, the relevant DOT provisions, and the regulations defining "unskilled work," see 20 C.F.R. § 404.1568(a), we conclude that Holman has not demonstrated a deviation between the vocational expert's testimony and the DOT sufficient to establish that the ALJ did not have substantial evidence to support her decision. See Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1476 (9th Cir.1989).
 
 
 9
 Holman also contends that the ALJ improperly rejected the opinion of an examining physician. This contention lacks merit.
 
 
 10
 The opinion of an examining physician can only be rejected for "clear and convincing" reasons. Lester v. Chater, 69 F.3d 1453, 1464 (9th Cir.1995). Here, however, the ALJ did not reject the opinion of the examining physician; rather, the examining physician's opinion is fully consistent with the ALJ's finding that Holman could perform "light work." See 20 C.F.R. § 404.1567(b).
 
 
 11
 Accordingly, we conclude that the ALJ had substantial evidence to support her determination in this case and that the district court did not err by granting the Commissioner's motion for summary judgment. See Gonzalez, 914 F.2d at 1200.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Holman's request for oral argument is denied
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties consented to have this case tried before a magistrate judge pursuant to 28 U.S.C. § 636
 
 
 [2]
 Holman makes two independent arguments concerning the testimony of the vocational expert. Because both of these arguments depend on the contradiction between the vocational expert's testimony and the DOT, we do not analyze the contentions separately