92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy D. EVANS, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-35510.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided July 26, 1996.
 
 Before: REAVLEY,** REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Sammy D. Evans appeals the District Court's order affirming the decision of the defendant Commissioner of Social Security (Commissioner) denying Evans's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. We conclude that the Commissioner failed to properly determine the onset date of Evans's severe mental impairments. Accordingly, we reverse and remand.
 
 
 3
 Evans applied for benefits in 1992 alleging that he was disabled as a result of severe back problems exacerbated by mental impairments.[1] His claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) who found that Evans was not disabled, and therefore not entitled to benefits. The ALJ's decision turned on his finding that, on December 31, 1990, the date on which Evans last met the insured status requirements of the Social Security Act, Evans was capable of performing work requiring light exertion and that such work existed in significant numbers in the regional or national economy. The Appeals Council found no basis to change the ALJ's decision and that determination therefore became the final decision of the Commissioner.
 
 
 4
 Evans appealed to the U.S. District Court for Eastern District of Washington. Both parties moved for summary judgment, and the Magistrate Judge denied Evans's motion and granted the Commissioner's motion. Evans appeals that decision.
 
 
 5
 In his written decision, the ALJ concluded that "the medical evidence of record establishes that the claimant presently suffers from severe medical impairments."[2] (emphasis added) However, the ALJ found that "the record does not evidence that, prior to January 1, 1991 or during the claimant's insured period, the claimant suffered from mental impairments which had more than a de minimis affect [sic] on his ability to engage in work-related activities." Because the record did not establish precisely whether Evans's currently severe mental impairments were severe as of the date on which he was last insured, the ALJ refused to consider evidence in the record that those impairments create an insurmountable barrier to Evans's ability to find work.[3]
 
 
 6
 The ALJ erred, under the clear law of this circuit, by misallocating the burden of establishing the onset date of Evans's condition. In Morgan v. Sullivan, 945 F.2d 1079, 1082 (9th Cir.1991), we held that if the evidence regarding the date of onset of mental impairment is ambiguous, the ALJ must determine the date based on an informed inference. The court concluded that "[s]uch an inference is not possible without the assistance of a medical expert." Id. See also Social Security Ruling 83-20 (SSR 83-20).
 
 
 7
 The ALJ remarked in his decision that it would be "purely speculative" to find that the onset date of Evans's severe mental condition occurred prior to his date of last insured. Certainly, the converse is also true. The ALJ engaged in pure speculation when he decided, without the assistance of a medical expert, that Evans's current mental condition did not exist as of December 31, 1990.
 
 
 8
 In conformance with Morgan, we reverse the decision of the district court, with instructions that this case be remanded to the Commissioner so that she may reconsider Evans's application for disability benefits with the proper assistance of a medical expert.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Evans previously applied for disability benefits in December, 1989. That application was denied initially and upon reconsideration. On appeal, the Commissioner concedes that the ALJ "effectively reopened" Evans's prior application. For that reason, we need not address Evans's due process claims regarding that prior application. See Gonzalez v. Sullivan, 914 F.2d 1197 (9th Cir.1990)
 
 
 [2]
 The evidence in the record indicates that Evans suffers from a somatoform pain disorder and a probable personality disorder which either moderately or severely limit his ability to function in work and social settings
 
 
 [3]
 In his written decision, the ALJ asserted, "It would be purely speculative to find that the claimant's present mental condition, which did not exist in October of 1987, existed by December of 1990. The undersigned finds that the record does not establish, and the claimant has failed to show, that prior to January 1, 1991, he suffered from a mental condition which had more than a de minimis affect [sic] on his ability to engage in work-related activities."