141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joyce DEMERS, Plaintiff-Appellant,
v.
Kenneth S. APFEL,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 96-36165.
D.C. No. CV-94-00125-CCL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 4, 1998.***
Decided April 6, 1998.
 
 1
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding.
 
 
 2
 Before ALARCN and HAWKINS, Circuit Judges, and BREWSTER,**** District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Joyce DeMers appeals the district court's affirmance of the decision of the Commissioner of the Social Security Administration to deny her application for widow's disability benefits pursuant to Title II of the Social Security Act, 42 U.S.C. 402(e). We reverse and remand for payment of benefits.
 
 
 5
 The administrative law judge ("ALY") erroneously rejected DeMers's subjective complaints of pain. The ALJ must engage in a two-step analysis when deciding whether to accept a claimant's subjective symptom testimony: (1) the claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or symptoms alleged; (2) if there is no evidence of malingering, the ALJ can reject the claimant's testimony only by offering specific, clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir .1986). Here, it is undisputed that DeMers suffers from a disease, Multiple Sclerosis (MS), which produces the very symptoms of which she complains and that there is no evidence that DeMers is malingering. The ALJ's reasons for rejecting her subjective pain testimony are unconvincing. The ALJ cited DeMers's failure to visit the doctor regularly and her range of daily activities. Demers testified, however, that she did not make regular doctor visits because there is no known treatment for MS. DeMers's range of daily activities is quite limited and supports the conclusion that she suffers from ongoing pain. Finally, her medical records, dating back to the 1960's, "contain prior consistent statements to corroborate [her] claims of pain and fatigue." Smolen, 80 F.3d at 1284-85.
 
 
 6
 Second, the ALJ's reasons for rejecting the uncontradicted opinion of DeMers's treating physician were not "clear and convincing." Davis v. Heckler, 868 F.2d 323, 326 (9th Cir.1989). Contrary to the conclusion of the treating physician, the ALJ reasoned that DeMers's medical records could support the conclusion that she is not disabled. Demers was diagnosed with MS in 1965 (by another doctor) and her medical records, dating back to the 1960's, support the treating physician's opinion. By rejecting the treating physician's opinion that DeMers's MS had rendered her disabled by 1977, the ALJ improperly "substitut[ed] his own opinion for that of the treating physician." Id. at 327.
 
 
 7
 Finally, the ALJ proffered an improper hypothetical to the vocational expert. The ALJ found DeMers's complaints of blurred vision, pain and fatigue not credible and omitted them from one of the hypotheticals given to the expert. Limitations of evidence in hypotheticals must be supported by substantial evidence. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989). Here, the limitations rely on the unsupported assumption that DeMers's complaints are not credible and on a disregard for the opinion of the treating opinion in the face of uncontradicted medical evidence.
 
 
 8
 DeMers's argument that her 1987 application for disability benefits should be reopened fails because she raises no colorable due process claim. See generally Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir.1990) (decision not to reopen a disability determination cannot be reviewed unless plaintiff raises a constitutional question which relates to the manner by which the Secretary decided not to reopen).
 
 
 9
 We find that the ALJ erred in finding that DeMers was not disabled at any time prior to August 31, 1989. The vocational expert has already concluded that a person with DeMers's objective and subjective symptoms cannot perform any of the transferable skilled positions for a person of DeMers's age and background. "We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292.
 
 
 10
 Accordingly, we REVERSE and REMAND for an award of benefits.
 
 
 
 *
 Kenneth S. Apfel has been substituted for his predecessor in office, Shirley S. Chater, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 * The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 ** Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3