William D. AVENETTI, Plaintiff—
Appellant,

v.

Joanne B. BARNHART, Commissioner
of the Social Security Administration,
Defendant—Appellee.

No. 04–15813.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Filed Aug. 8, 2006.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., Office of the U.S. Attorney, Phoenix, AZ, Donna M. Montano, Esq., Peter K. Thompson, Esq., Office of the Regional Counsel, Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM [*]

Avenetti appeals from a summary judgment in favor of the Commissioner, affirming the termination of Avenetti's disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ Avenetti first argues that the Administrative Law Judge (ALJ) failed to set forth adequate reasoning to justify his conclusions. This claim is foreclosed by *Gonzalez v. Sullivan*, where we approved a similar analysis and held that "[i]t is unnecessary to require the Secretary ... to state why a claimant failed to satisfy every different [listing]. 914 F.2d 1197, 1200–01 (9th Cir.1990). The Secretary's four page 'evaluation of the evidence' is an adequate statement of the foundations of which the ultimate factual conclusion are based." *Id.* at 1201 (internal quotations omitted).

Avenetti next argues that the ALJ erred by relying exclusively on the assessment of a non-examining, non-testifying physician, Dr. Hopkins. On the contrary, the ALJ discussed and relied upon the assessments of Dr. Porter and Dr. Patel, as well as that of an occupational therapist. It is well established that "the findings of a non-treating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996).

■ Avenetti also argues that the ALJ improperly made an adverse credibility finding against him in discounting his subjective complaints of pain. The ALJ provided specific and clear reasons for partially discrediting Avenetti's testimony, which included that the medical examinations and his daily activities were inconsistent with disabling pain. The use of both medical evidence and daily activities provides the required "specific, clear, and convincing reasons for partially rejecting Appellant's pain testimony." *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998). Although an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain," *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc), the ALJ here also permissibly relied upon Avenetti's daily activities.

■ Avenetti last argues that the ALJ erred by failing to consider the risk of future harm presented by working. Avenetti has not pointed to any evidence in the record that supports a conclusion that returning to work in 1999 would have aggravated his injuries. While Dr. Porter stated in 1997 that the "areas at the graft site [are] extremely fragile skin that [are] easily traumatized" at that time, there is no medical evidence to suggest that the jobs the vocational expert identified would have presented a serious risk of aggravating his injuries in 1999. Additionally, Dr. Porter

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. One of Avenetti's arguments is addressed in the accompanying opinion.

concluded that Avenetti would be able to work in appropriate circumstances, and there is significant evidence in the record showing that Avenetti's condition had improved since 1997. The ALJ's finding that Avenetti was capable of working in 1999 is therefore supported by substantial evidence.

**AFFIRMED.**