**Daniel PEARSALL, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

No. 05–35518.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2007.\*\*

Filed Aug. 2, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kimberly K. Tucker, Esq., Alan Stuart Graf PC, Portland, OR, Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Karin J. Immergut, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield, U.S. Courthouse, Portland, OR, Lucille G. Meis, Esq., Jeffrey H. Baird, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: HALL and M. SMITH, Circuit Judges, and DUFFY ***, Senior Judge.

MEMORANDUM ****

Daniel Pearsall appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. 401 *et seq.* We affirm. Because the parties are familiar with the facts of the case, we do not recite them here.

██ We hold that the Administrative Law Judge ("ALJ") did not improperly discount the medical evidence of Doctors Trueblood and Williams. The ALJ offered specific, legitimate reasons for rejecting portions of Dr. Trueblood's medical opinion, and those reasons are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). Pearsall argues that other evidence in the record supports Dr. Trueblood's conclusions, but "[w]here the evidence can reasonably support either affirming or reversing the decision, we may not substitute our judgment for that of the Commissioner." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.2007). While Dr. Williams checked a box indicating that he concurred with Dr. Trueblood's report, his specific findings disputed those aspects of the Trueblood report that the ALJ found unconvincing. The ALJ opinion accurately reflects Dr. Williams' findings that Pearsall suffered only moderate limitations in concentration and social functioning.

██ The ALJ properly found that Pearsall's testimony was not credible to

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the extent that it was unsupported by objective medical evidence and inconsistent with his daily activities. *Batson v. Comm'r,* 359 F.3d 1190, 1196–97 (9th Cir. 2004). The medical evidence suggests that Pearsall's neck impairment and ability to work with supervisors is not as limiting as he suggests on appeal, and the ALJ's residual functional capacity determination as to these factors is supported by substantial evidence. The ALJ did not reject Pearsall's mother's testimony, which is consistent with the finding that Pearsall retains the residual functional capacity to work at jobs involving simple tasks at a slow pace and involving minimal interaction with the public.

■ The ALJ also did not err in failing to find *sua sponte* that Pearsall met or equaled listing 12.05C. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1201 (9th Cir.1990). Pearsall did not claim before the ALJ that he was mentally retarded. Although he obtained a Performance IQ score of 70, the highest qualifying score under the listing, the testing physician questioned the validity of the score and none of the medical opinions diagnosed mental retardation.

■ Finally, substantial evidence supports the ALJ's findings regarding Pearsall's residual functional capacity and his ability to perform jobs that exist in significant numbers in the national economy. The ALJ's finding that Pearsall is unable to follow complex instructions adequately accounts for the medical expert's recommendation that Pearsall be limited to simple tasks. In addition, the ALJ's findings adequately reflected nonexamining physician Dr. Spray's recommendations regarding Pearsall's residual functional capacity.

AFFIRMED.