958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pavlusha PETROSYAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 91-55343.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 16, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pavlusha Petrosyan appeals the district court's grant of summary judgment affirming the denial of his application for Supplemental Security Income (SSI). We reverse.
 
 FACTS
 
 3
 Petrosyan's application for SSI was denied initially and on reconsideration. He appeared before an ALJ on August 15, 1989. The ALJ concluded that Petrosyan suffers from severe arteriosclerotic heart disease and is precluded from performing prolonged walking, standing, or sitting. The ALJ nonetheless found that Petrosyan is capable of performing the full range of light and sedentary work, including his past work as a lunch truck driver, a job whose exertional requirements the ALJ characterized as light. After the Appeals Council denied review of the ALJ's decision, Petrosyan sought review in the district court. The magistrate judge found that there was substantial evidence to support the ALJ's decision.
 
 
 4
 Petrosyan is a 56 year-old immigrant who completed ten years of education in Armenia (equivalent to a United States high school diploma). After his immigration to the United States, Petrosyan worked as a lunch truck driver from 1982 to 1986. Petrosyan testified that in an eight-hour period at this job he would spend half of the time sitting and half of the time standing. Petrosyan said that he had to lift boxes containing 24 cans of soda, which he said weighed 50 pounds.
 
 
 5
 Petrosyan has been treated for heart disease since November 1987, when he suffered a myocardial infarction. Petrosyan underwent a cardiac catheterization on November 24, 1987, which revealed a 90 percent stenosis of the right coronary artery. After the catheterization Petrosyan complained of recurrent episodes of angina and was admitted for angioplasty of the right coronary artery on March 23, 1988. This procedure successfully reduced the 90% lesion to 40%. Petrosyan received follow-up care in the cardiac clinic. In July of 1988 the doctor noted on the clinic record "Disability for 1 year."
 
 
 6
 The Social Security Administration arranged two evaluations of Petrosyan by Dr. Robert Schatz. On July 28, 1988, Dr. Schatz performed a treadmill stress test that was terminated after four minutes due to fatigue and coughing. Dr. Schatz concluded that Petrosyan's recurrent chest pain appears to meet the criteria for angina pectoris and that the pain is limiting. Petrosyan's prognosis was guarded. On March 30, 1989, Dr. Schatz reported that Petrosyan experiences sharp, squeezing chest pain, although not daily. Dr. Schatz stated that as a result of Petrosyan's various problems it was questionable whether he could perform adequate treadmill work. Dr. Schatz concluded that Petrosyan's prognosis was guarded and that his "activity capacity is expected to be rather minimal to moderate."
 
 
 7
 Petrosyan presented two post-hearing medical reports to the Appeals Council. Dr. Agop Aintablian and Dr. Grigor Ter-Ohanessian both reported that Petrosyan is disabled.
 
 
 8
 Donald Fields, a vocational expert, testified at Petrosyan's hearing. Fields described Petrosyan's past work as light. In response to a hypothetical describing a person such as Petrosyan who has a residual functional capacity for light work, Fields stated that Petrosyan could be a bank teller, ticket seller, or fast food cashier. With a residual functional capacity for sedentary work, the vocational expert testified that Petrosyan could be a bus driver.
 
 STANDARD OF REVIEW
 
 9
 This court reviews de novo the district court's grant of summary judgment. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The factual findings of the Secretary, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Magallanes, 881 F.2d at 750.
 
 DISCUSSION
 A. Description of Petrosyan's Past Work
 
 10
 Substantial evidence supports the ALJ's classification of Petrosyan's job as a lunch truck driver as light work. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). It is the ALJ's responsibility to determine credibility and resolve conflicts in the testimony. Magallanes, 881 F.2d at 750. In this case the ALJ reasonably discounted Petrosyan's testimony that he lifted cases of soda weighing 50 pounds.
 
 
 11
 Appellant points out that the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations describe the job of lunch truck driver as medium work. We have upheld the use of the DOT to characterize past relevant work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir.1990). Appellant has not shown, however, that the Secretary is required to accept the DOT's description of a job.
 
 B. Ability to perform past work
 
 12
 The ALJ's determination that Petrosyan cannot stand, sit, or walk for prolonged periods conflicts with the ALJ's simultaneous finding that Petrosyan can perform the full range of light and sedentary work. The Secretary has made it clear that sedentary work calls for prolonged sitting and light work calls for prolonged standing or walking. SSR 83-12, Social Security Rulings Cumulative Edition 1981-1985 529, 533 (SSA Pub. No. 665-002). Therefore a person who is not capable of prolonged sitting, standing, or walking cannot perform the full range of light and sedentary work.
 
 
 13
 In addition, a vocational expert should be consulted regarding the jobs available for a claimant who cannot stand or sit for prolonged periods. SSR 83-12, Social Security Rulings 1981-1985 at 533. In light of the ALJ's determination that Petrosyan is precluded from prolonged walking, standing or sitting, the ALJ erred by omitting those limitations from his hypotheticals to the vocational expert. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991); Gallant v. Heckler, 753 F.2d 1450, 1457 (9th Cir.1984).
 
 
 14
 Moreover, the ALJ's determination that Petrosyan is not capable of prolonged sitting, standing, or walking appears to be supported by the medical evidence. Petrosyan's heart disease is quite severe, as shown by his myocardial infarction, cardiac catheterization, and right coronary angioplasty. While Petrosyan's medical records do not conclusively document his resulting functional limitations, they do not suggest that Petrosyan is capable of prolonged physical exertion.
 
 
 15
 Because the ALJ determined that Petrosyan cannot perform prolonged walking, standing or sitting, the conclusion that Petrosyan can perform his past work as a lunch truck driver is not supported by substantial evidence.[1] Thus, we remand this case for further proceedings, including a proper development of the record regarding what jobs, if any, available in the national economy can be performed by Petrosyan.
 
 
 16
 REVERSED and REMANDED to the district court for further remand to the Secretary.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not disregard the ALJ's assessment of Petrosyan's physical abilities because that assessment appears in the "Evaluation of the Evidence" section of the ALJ's decision rather than the "Findings" section. We have looked to the ALJ's evaluation of the evidence for a statement of the "foundations on which the ultimate factual conclusions are based." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir.1990). See Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir.1984) (Secretary must make fairly detailed findings in support of administrative decisions in order to permit intelligent judicial review); Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir.1981) (recognizing the need for full and detailed findings of facts essential to the Secretary's conclusion)