Leanora CUNNINGHAM,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Defendant—
Appellee.

No. 04–35904.
D.C. No. CV–03–0395–CI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2006.

Decided June 30, 2006.

Donald C. Bell, Esq., Bell & Tibbits, PLLC, Wenantchee, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., Office of the U.S. Attorney, Spokane, WA, Jeffrey H. Baird, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before FERGUSON, CALLAHAN, Circuit Judges, and BOLTON, District Judge.[*]

### MEMORANDUM [**]

Leanora Cunningham appeals the district court's order affirming the Commissioner of Social Security's decision to deny her Supplemental Security Income disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ This court reviews de novo the district court's order. *See Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1457 (9th Cir.1995). However, "we may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Id.* (citing *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990)).

■ The district court properly concluded that the Administrative Law Judge's ("ALJ") decision to deny benefits was supported by substantial evidence. The district court also properly concluded that the ALJ did not err when he: (1) found Cunningham not credible; (2) credited the opinion of the Medical Expert over the opinions of Cunningham's treating and examining physicians; (3) rejected the treating physician's opinion on the ultimate issue of disability; and (4) established the limitations in the hypothetical posed to the Vocational Expert.

■ The ALJ provided clear and convincing reasons for finding Cunningham not credible, pointing to the inconsistencies in her statements to her treating and examining doctors, particularly her use of alcohol, and in her testimony related to her pain, her symptoms and limitations. *See Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996) (holding that once a claimant produces objective medical evidence of an underlying impairment, then, in the absence of malingering, the ALJ may only reject the claimant's testimony "by offering, specific, clear and convincing reasons for doing so"). The ALJ provided specific, legitimate reasons for rejecting the opinions of Cunningham's treating and examining physicians that were based on her self-reports and were not substantiated by physical and mental health testing. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). The ALJ rejected the controverted opinion of Cunningham's treating physician on the ultimate issue of disability by providing specific and legitimate reasons. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001) (citation omitted). Finally, the ALJ posed a hypothetical that is consistent with the objective medical evidence and included all of Cunningham's physical and mental limitations that are substantiated in the record. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1163–64 (9th Cir.2001) (citation omitted).

Accordingly, the order of the district court is AFFIRMED.

---

[*] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.