Robert D. YANEZ, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant–Appellee.

No. 05–17014.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.**

Filed Oct. 29, 2007.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mary P. Parnow, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Yanez appeals the district court's judgment affirming the Administrative Law Judge's (ALJ) denial of his application for social security disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We may set aside an ALJ's decision only "if it is not supported by substantial evidence or if it is based on legal error." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995). So long as the evidence can reasonably support the ALJ's decision, we may not substitute our own judgment for that of the ALJ. *Id.*

▌Yanez argues that the ALJ's decision is not supported by substantial evidence, because the ALJ relied exclusively on the testimony of non-examining physicians. To the contrary, the ALJ based the decision on a number of sources in the record. Most notably, the ALJ found that Yanez's *treating* physician was of the opinion that Yanez "qualifies for a sedentary job." The ALJ further found that Yanez "can ambulate independently, effectively, and without assistance devices." Finally, the ALJ indicated that Yanez's right-knee surgery had been successful and anticipated similar results for his scheduled left-knee replacement. These findings, in com-

bination with the reports from the non-examining physicians, constitute substantial evidence. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995) ("reports of the nonexamining advisor ... may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").

Yanez also argues that the ALJ committed legal error by failing to consider specifically whether his impairments met or equaled those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. In particular, listing 1.03 provides for conclusive disability upon a showing of:

> Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Pt. 404, Subpt. P, App. 1. While it is true Yanez has undergone reconstructive surgery of a major weight-bearing joint, this diagnosis alone is not sufficient. An impairment "must also have the *findings* shown in the [l]isting of that impairment." *Key v. Heckler,* 754 F.2d 1545, 1549–50 (9th Cir.1985). Here the ALJ made explicit findings that Yanez *could* ambulate effectively, and that he had little pain and full movement of his knee following his reconstructive surgery. These findings alone are sufficient, and the ALJ is not required, "as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200–01 (9th Cir.1990).

Yanez also argues that the ALJ erred by failing to call a medical expert to testify whether his surgery fell within listing 1.03.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Yanez has the burden of proving that his impairments meet or equal a listed impairment, *see Burch v. Barnhart,* 400 F.3d 676, 683 (9th Cir.2005), and the ALJ did not err by failing to call an additional expert.

Finally, Yanez contends that the ALJ erred by improperly discounting the credibility of his testimony. The ALJ, in making a credibility determination, is required to present "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). Yanez argues that he is incapable of sedentary work, and the ALJ found a number of facts that undercut his contention. In particular, the ALJ found that Yanez (1) ambulates independently, (2) lives alone and carries out his daily activities independently, (3) recovered well after his right-knee surgery, and (4) put off scheduling left-knee surgery despite his claims of debilitating pain. These findings are sufficiently specific to show that the ALJ did not arbitrarily discredit Yanez's testimony.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.