MEMORANDUM ***
Alfred Abreu (“Abreu”) appeals the Order of the United States District Court for the Eastern District of California granting summary judgment for the Commissioner of Social Security (“the Commissioner”) upholding a denial of Disability Insurance Benefits and Supplemental Security Income payments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.
Abreu first argues that the Administrative Law Judge (“ALJ”) erred by only considering listing 1.04A in Appendix 1, Subpart P, Regulation No. 4 and not listings 1.04B and 1.04C. The ALJ is not required to perform a detailed analysis for every possible listing. “The regulations merely require the Secretary to ‘review the symptoms,’ 20 C.F.R. § 404.1526, and make specific findings essential to the conclusion.” Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). Here, the ALJ provided a comprehensive four-page evaluation of the medical evidence and its teachings. He found that Abreu’s condition did not meet or medically equal a listed impairment, noted that “no treating or examining physicians have mentioned findings equivalent in severity to the criteria of any listed impairment,” and went on to specifically address Abreu’s attorney’s arguments that Abreu met listing 1.04A. Abreu presents no evidence that he ever argued before the ALJ that listings 1.04B or 1.04C were met or equaled in this case or he otherwise established that these listings were met or equaled.
Abreu next argues that the ALJ improperly discredited Abreu’s allegations of subjectively disabling symptoms. While credibility determinations are the province of the ALJ, see Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989), an ALJ cannot arbitrarily reject a claimant’s testimony. Once a claimant has established an underlying medical impairment which could be reasonably expected to produce some subjective symptoms, an ALJ must give specific, clear and convincing reasons to reject allegations of subjectively disabling symp *558 toms. See Thomas v. Barnhart, 278 F.Bd 947, 959-60 (9th Cir.2002). The ALJ’s findings are entitled to deference if they are supported by substantial evidence (properly supported by the record) and are “sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant’s testimony on permissible grounds and did not arbitrarily discredit a claimant’s testimony regarding [subjective symptoms].” Bunnell v. Sullivan, , 947 F.2d 341, 345-46 (9th Cir.1991) (en bane) (internal quotations omitted). This standard was met in this case. For example, the ALJ noted Abreu’s testimony of his daily activities: he sleeps for six to eight hours per night, does some cooking, shops, watches television, reads, plays the guitar, and walks anywhere from $ mile to 2 miles for exercise. Additionally, the ALJ observed that Abreu mostly saw a doctor for medication refills and opined that “[fjor the most part, medication regimens appear to be effective in pain control.” Accordingly, we conclude that substantial evidence supports the ALJ’s credibility findings.
Abreu’s third argument is that the ALJ erred in discrediting Dr. Yokoyama’s opinion. “To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must ‘make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.’ ” Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quoting Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987)). “The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.” Id. (quoting Cotton v. Bowen, 799 F.2d 1403,1408 (9th Cir.1986)).
One of the reasons given by the ALJ for rejecting Dr. Yokoyama’s opinion was that it was not well-supported by objective evidence. We agree. Dr. Yokoyama’s August 2004 opinion clearly relied in large part on Abrue’s subjective statements (which the ALJ properly rejected). Additionally, while Dr. Yokoyama references x-rays as evidence supporting his findings, there is no mention of any observations of Abreu’s behavior that would support his conclusion that Abreu would have difficulty sitting for long periods of time. In contrast, the consulting expert’s (Dr. Martin) report shows that he actually examined Abreu. Dr. Martin’s report included his observations regarding Abreu’s performance of certain tasks. These findings are inconsistent with the limitations opined by Dr. Yokoyama in his 2004 assessment. We, like the district court, agree with the ALJ that Dr. Yokoyama’s opinion is not well-supported by the objective medical evidence.
Finally, Abreu argues that the ALJ erred at step four of the sequential analysis by not obtaining vocational expert testimony. We disagree. The ALJ concluded that Abreu has “the residual functional capacity to perform light work activity which involves occasional postural activities. He requires the opportunity to shift positions several times an hour.” The ALJ also found that Abreu’s impairment did not prevent him from performing his past relevant work as a customer service representative.
During his testimony, Abreu stated that when he worked at the call center, his employer gave him an adjustable workstation which he could adjust for sitting or standing. Given that Abreu himself testified that his past relevant work as a customer service representative could be performed by sitting, standing, or alternating between the two, vocational expert testimony was not necessary. Abreu’s testimony itself provides substantial evidence to *559 support the ALJ’s conclusion that Abreu could perform his past relevant work as a customer service representative.
Accordingly, we affirm the district court’s grant of summary judgment in favor of the Commissioner.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.