MEMORANDUM *
Carol Wilson (Wilson) appeals the district court’s summary judgment in favor of the Commissioner of Social Security’s denial of Wilson’s application for disability insurance benefits under the Title II of the Social Security Act. We review a district court’s order upholding the Commissioner’s denial of benefits de novo. Schneider v. Comm’r of Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir.2000). “We may set aside the Commissioner’s denial of benefits when the AL J’s findings are based on legal error or are not supported by substantial evidence in the record as a whole.” Id. We find that the administrative law judge (ALJ) did not support his decision with substantial evidence, and we therefore reverse.
Central to the ALJ’s decision was his determination that Wilson’s testimony regarding the impact of her fibromyalgia and chronic fatigue syndrome (CFS) was not credible. The examples cited by the ALJ failed to meet the “clear and convincing” standard required to discredit a claimant’s testimony as to the severity of her symptoms when she has provided medical evidence of her underlying impairment. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998). Evidence that Wilson occasionally drove to Phoenix, took a vacation to Hawaii, and sometimes found the energy to go grocery shopping are not clear and convincing evidence that the claimant led a life that is not compatible with disabling pain and limitations. Wilson’s undertakings were “sporadic and punctuated with rest. Even more prolonged undertakings might be consistent with [her disability].” Id. “[Disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.” Id.
The ALJ also failed to support his discrediting of Wilson’s four treating physicians with clear and convincing reasons supported by substantial evidence in the record. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir.2001). The medical opinion of Wilson’s treating physicians was supported by medically acceptable diagnostic techniques and was not inconsistent with other substantial evidence in the record; it therefore should have been giv *567 en controlling weight. See Id. (citing 20 C.F.R. § 404.1527(d)(2)).
Additionally, the ALJ erred by dismissing the opinions of Wilson’s three lay witnesses on the assumption that they merely reiterated her own allegations regarding her pain and fatigue. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993). Disregard of this evidence on such a slender basis “violates the Secretary’s regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant’s ability to work.” Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987) (citing 20 C.F.R. § 404.1513(d)(4)).
Finally, the ALJ failed to support his residual functional capacity determination with substantial evidence. It does not suffice to determine that the claimant is capable of some of the activities of normal life; the ALJ must also demonstrate that “the ability to perform those daily activities translated into the ability to perform appropriate work.” Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir.1990). Here, the ALJ failed to demonstrate how Wilson’s daily activities translated into the ability to perform sedentary work.
Because the limitations caused by the pain of fibromyalgia and the fatigue of CFS are non-exertional limitations, vocational expert testimony was required in this case. See Reddick, 157 F.3d at 729. By failing to provide either the testimony of a vocational expert or substantial evidence that Wilson was capable of sustained sedentary work, the ALJ failed to support his denial of Wilson’s claims. See Penny v. Sullivan, 2 F.3d 953, 959 (9th Cir.1993). We conclude that a remand for further proceedings would serve no useful purpose. See Reddick, 157 F.3d at 730. We reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.