NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN OZOLINS, | No. 20-35081 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02192-BR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 7, 2021[**]
Portland, Oregon

Before: WARDLAW and HURWITZ, Circuit Judges, and BOLTON,[***] District Judge.

Susan Ozolins appeals the district court's order affirming the Social Security

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Administration's denial of disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The ALJ gave "specific, clear, and convincing" reasons supported by substantial evidence for discounting Ozolins' subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (cleaned up). Ozolins' complaints were inconsistent with the medical record, which reflected, for instance, largely unremarkable mental status examination findings. *See* 20 C.F.R. § 404.1529(c)(2). Ozolins' complaints were also inconsistent with her daily activities, which showed an ability to perform a wide range of chores and errands. *See Molina*, 674 F.3d at 1112. The ALJ recognized that "[t]ravel and disability are not mutually exclusive" but reasonably found Ozolins' ability to withstand the "physical and mental demands" of travel not entirely consistent with the extent of her alleged symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). And although Ozolins contests the adequacy of the ALJ's explanation, we do not require a "line-by-line exegesis of [her] testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

2. The ALJ gave "specific and legitimate" reasons supported by substantial evidence for discounting treating psychologist Dr. Bloom's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Dr. Bloom relied largely on Ozolins' discounted complaints. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149

(9th Cir. 2001). For example, his conclusion that it would be difficult for Ozolins to work turned on her claims of reported struggles with daily tasks. Dr. Bloom's opinion of significant work-related difficulties is inconsistent with his treatment records, which did not document, for example, remarkable mental-status examination findings. *Tommasetti*, 533 F.3d at 1041. And Dr. Bloom's opinion is inconsistent with Ozolins' daily activities, which the ALJ reasonably found consistent with an ability to perform light work. *Morgan v. Comm'r*, 169 F.3d 595, 601–02 (9th Cir. 1999).

3.     The ALJ also gave "specific and legitimate" reasons supported by substantial evidence for discounting examining psychologist Dr. Causeya's opinion. *Lester*, 81 F.3d at 830. Dr. Causeya's opinion is inconsistent with subsequent treatment records relevant to the applicable time frame, which reflect largely unremarkable mental-status examination findings. *Tommasetti*, 533 F.3d at 1041. Ozolins again cites evidence supporting the existence of her symptoms, but that the record could support an alternative conclusion does not mean the ALJ's was erroneous. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020). Dr. Causeya's opinion is inconsistent with Ozolins' daily activities; for instance, her claim that Ozolins had moderate limitations in completing work is not consistent with the fact that she sewed 5 to 6 hours a day for a friend. And Dr. Causeya relied heavily on Ozolins' subjective reports. *Tonapetyan*, 242 F.3d at 1149. In each instance in

3

which the letter accompanying Dr. Causeya's assessment form found Ozolins functionally limited in a given area, the explanation turned almost exclusively on Ozolins' subjective reports, not on the limited objective findings that appear elsewhere in the letter.

4.     The ALJ properly concluded that Ozolins' impairments did not meet Listing 12.04C.  *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04C.  Although the ALJ's explanation might have been more robust, her lengthy evaluation of the evidence elsewhere "is an adequate statement of the foundations on which the ultimate factual conclusions are based."  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (cleaned up).  The ALJ also reasonably concluded that Ozolins did not prove any marginal adjustment, *see Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001), which requires more than simply reciting symptom evidence.

**AFFIRMED.**