**Jeannette M. ZERBA, Plaintiff—Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 06–35458.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TALLMAN and CLIFTON, Circuit Judges, and KORMAN,** District Judge.

** The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

MEMORANDUM ***

Jeannette Zerba appeals the district court's order affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. We review the findings of the Administrative Law Judge for substantial evidence and we affirm. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004).

First, we conclude that substantial evidence supports the ALJ's determination that Zerba's depression was not severe notwithstanding a GAF score of 45. Although consulting psychologist Dr. Deitch attributed that score to Zerba, the bulk of his examination revealed that Zerba functioned normally and her depression was in remission. The evaluation established that Zerba exhibited a pleasant mood and showed minimal depressive symptoms. The ALJ properly resolved the conflicting medical evidence, and we therefore cannot say based on a review of the entire record that his ultimate conclusion was erroneous. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996) (citation omitted) (explaining that impairments are severe only if they limit the claimant's "ability to do basic work activities"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998) (requiring the ALJ to resolve conflicting medical evidence).

We also affirm the ALJ's determination that Zerba's testimony was not credible because the ALJ supported his conclusions with "specific, cogent reasons for the disbelief." *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir.1999) (citation omitted). In rejecting Zerba's testimony the ALJ relied upon permissible factors including her contradictory testimony, con-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tradictory testimony from Zerba's own naturopathic doctor, as well as evidence of an inadequately explained failure to seek medical treatment. *See Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991). Thus, substantial evidence supports the ALJ's rejection of Zerba's testimony.

We reject Zerba's contention that the ALJ's failure to address her husband's lay testimony was reversible error. The ALJ's failure to discuss lay testimony will not be harmless unless a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ properly discredited Zerba's own testimony, as well as the testimony of two other lay witnesses. Because her husband's testimony was substantially similar to Zerba's own properly discredited testimony, we conclude that no reasonable ALJ could have reached a different result, and any error was harmless. *C.f. Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 885 (9th Cir.2006).

We also conclude that the ALJ correctly determined Zerba's residual functional capacity. The ALJ here relied upon the medical evidence and recommendations provided by agency doctors as well as some of Zerba's testimony regarding her own physical limitations in determining her RFC. The ALJ considered the relevant, credible evidence in the record bearing on Zerba's functional limitations, and we are persuaded that the ALJ's RFC assessment was supported by substantial evidence. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

Finally, we affirm the ALJ's conclusion that Zerba was not entitled to dis-

ability benefits because the evidence elicited from the vocational expert established that Zerba was capable of performing work that exists in significant numbers in the national economy. Because the limitations posed in the hypothetical to the VE were supported by substantial evidence we affirm the ALJ's determination that Zerba was not entitled to disability benefits.

**AFFIRMED.**