MEMORANDUM **
Wilfred Trego appeals the district court’s grant of summary judgment in favor of the Commissioner of Social Security upholding the denial of Disability Insurance Benefits and Supplemental Security Income under Title II and XVI of the Social Security Act. Trego argues the district court erred by finding the Administrative Law Judge’s (ALJ’s) denial of benefits was supported by substantial evidence. We agree with Trego, reverse the district court, and remand for calculation of benefits.
Trego first argues the ALJ erred by relying on the opinion of Dr. Burris, a non-examining physician, to reject a finding of disability when Dr. Burris’s opinion was contradicted by Trego’s treating physician, Dr. Rajan. This court has set forth the following standard for evaluating a non-examining doctor’s opinion that is contradicted by a treating doctor:
Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.
Morgan v. Comm’r of Soc. Sec. Admin., 169 F.3d 595, 600-01 (9th Cir.1999) (internal quotation marks and citation omitted).
In arguing this court should disregard Dr. Rajan’s opinion, the Commissioner relies upon the district court’s finding that Dr. Rajan’s isolated statement was expressly based on Trego’s own self-reported, subjective pain which the ALJ had found to be unreliable. We find no basis to conclude that Dr. Rajan’s report was based only on Trego’s self-reported pain. To the contrary, Dr. Rajan’s statement that Trego “is unable to sit still for more than a few minutes secondary to his pain” is listed in the “Assessment and Plan” portion of Dr. Rajan’s report as opposed to the “Subjective” portion. Moreover, the ALJ did not discuss Dr. Rajan’s assessment that Trego is unable to sit still for more than a few minutes. Thus, the district court erred in affirming the ALJ on the basis that Dr. Rajan’s opinion was *160 unreliable. See Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.2006) (“[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.”).
Trego also correctly notes that Dr. Burris provides no explanation for his opinion that Trego was capable of sedentary work. As noted by this court in Ryan v. Commissioner of Social Secmity, “[t]he weight afforded a non-examining physician’s testimony depends ‘on the degree to which they provide supporting explanations for their opinions.’ ” 528 F.3d 1194, 1201 (9th Cir.2008) (quoting 20 C.F.R. § 404.1527(d)(3)). Here, Dr. Burris’s assessment was similar to the non-examining physicians’ assessments in Ryan, as they all essentially consist of a series of boxes checked on a form. See id. In sum, the ALJ has not met her burden of “setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.” Morgan, 169 F.3d at 600-01.
We also conclude that the ALJ erred by rejecting Trego’s testimony as to the severity of his pain. Both parties accept the ALJ’s finding that Trego presented objective medical evidence that could reasonably be expected to produce his back pain. Trego, however, disputes the ALJ’s finding that there were clear and convincing reasons for disbelieving his testimony regarding the severity of his back pain. We agree with Trego.
In her analysis, the ALJ listed four reasons for rejecting Trego’s testimony as to the degree of his impairments and limitations. First, the ALJ found that “the objective medical evidence and the claimant’s own statements do not support a conclusion that he has had disabling limitations in his ability to function.” The ALJ cited four pieces of evidence in support of this finding:
• “[Trego] told Dr. Raniolo on March 18, 2003, that he had been doing fairly well except for a recent cold and had no complaints.... ”
• “[Trego] told Dr. DeYoung on October 1, 2004, that he had been doing pretty well since his bypass surgery.... ”
• “[Trego] told Dr. Rajan on November 4, 2005, that he had only had chest pain once since his bypass surgery, and he believed that was secondary to a panic attack....”
• “[Trego] testified at the hearing that he has had no heart symptoms since his June 2002 surgery. His diabetes and hypertension are under good control with medications.”
The context of these statements demonstrates that none are inconsistent with Trego’s testimony as to the severity of his back pain. Each of these statements was made in the context of discussing Trego’s heart problems. The ALJ erred in requiring Trego to reaffirm that he was suffering from back pain when the physicians were concerned with Trego’s heart condition.
Second, the ALJ relied on Trego’s statement that at rest his back pain is a 2 or 3 on a 0 to 10 scale. The ALJ, however, did not take into account Trego’s entire statement as reported by Dr. De Young: “[Trego] has had low lumbar pain that he describes as a 10 out of 10 if he overexerts himself. Generally at rest he has pain that is about a 2 or 3 out of 10 on the pain scale. He indicates that when he exerts himself and that pain increases, it is like a ‘fireball in there.’ ” The ALJ erred by using this statement to discredit Trego, as it makes clear that Trego experiences severe pain when he exerts himself. Given that the relevant inquiry in this case concerns whether Trego can perform work-related tasks, the ALJ should not have *161 confined her analysis to Trego’s pain when he is “at rest.”
Third, the ALJ cited Trego’s statement that Vicodin helps his pain. This admission, however, does not reasonably lead to the conclusion that he is not suffering from debilitating pain.
Fourth, “with regard to activities of daily living,” the ALJ relied on Trego’s statements that “he goes to the grocery store on a bicycle every one to two days. He can ride a bike but cannot walk far. He reported on November 4, 2005, that he rode his bike four miles from his home to the clinic visit without any chest pain or shortness of breath.” The ALJ’s reasoning is contrary to Gonzalez v. Sullivan, which holds that an ALJ must link a claimant’s testimony about his daily activity to a finding that his testimony regarding excess pain lacks credibility. 914 F.2d 1197, 1201 (9th Cir.1990). Merely pointing out that Trego was able to engage is some activity does not undermine Trego’s testimony that he lies down two hours each day for relief from back pain, and that he cannot sit or stand for more than fifteen minutes.
Because the ALJ erred in rejecting Trego’s testimony and Dr. Rajan’s opinion, the court concludes no further proceedings as to Trego’s disability status are warranted in this case. The vocational expert at Trego’s hearing testified that a person who had to lay down two hours out of a typical workday could not perform any work. Accordingly, Trego is disabled under Title II and XVI of the Social Security Act, and this case is remanded with instructions to remand to the Commissioner for calculation of benefits. See Orn v. Astrue, 495 F.3d 625, 640 (9th Cir.2007) (“When an ALJ’s reasons for rejecting the claimant’s testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant’s testimony, we remand for a calculation of benefits.” (internal quotation marks omitted)).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.