**Lawrence M. McFARLAND, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 06–35549.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted July 11, 2008.*
Filed July 25, 2008.

Kimberly K. Tucker, Esq., Swanson Thomas & Coon, Portland, OR, Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Neil J. Evans, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, Thomas Michael Elsberry, Esq., Michael McGaughran, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER and PREGERSON, Circuit Judges, and

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

STROM, District Judge.**

## MEMORANDUM ***

Appellant Lawrence McFarland appeals the district court's judgment affirming the Commissioner of the Social Security Administration's denial of McFarland's application for Supplemental Security Income disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's decision in a social security case *de novo*. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005). The Commissioner's disability determination should be upheld unless the decision contains legal error or is not supported by substantial evidence. *Stout v. Comm'r of Social Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.2006); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988) (internal quotation marks and citations omitted). "Where evidence is susceptible to more than one rational interpretation," the ALJ's decision should be upheld. *Burch*, 400 F.3d at 679.

McFarland first argues that the ALJ erred by failing to consider McFarland's global assessment of functioning ("GAF") scores. McFarland's medical records included three GAF scores of 50, which according to the scale, indicate "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psy-chiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM–IV–TR) (4th ed. 2000). The Commissioner has determined the GAF scale "does not have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorders listings." 65 Fed.Reg. 50,746, 50,765 (Aug. 21, 2000).

■ For substantially the same reasons set forth by the district court, we find the ALJ's failure to address the three GAF scores specifically does not constitute legal error. The ALJ's residual functional capacity ("RFC") assessment took into account McFarland's mental impairments, was not inconsistent with McFarland's three limited duration GAF scores, and was supported by substantial evidence in the record.

■ Second, McFarland argues the ALJ's RFC assessment was inconsistent with the assessment of McFarland's treating physician, Dr. Douglas Kirkpatrick, concerning McFarland's limited cervical range of motion. We disagree. Dr. Kirkpatrick assessed McFarland's cervical range of motion to be 10–20% of normal on August 16, 2001; however, later, on February 5, 2002, Dr. Kirkpatrick noted McFarland's range of motion had improved to 50% of normal. Scott Oldfield, N.P., who examined McFarland in October and December of 2003 found diminished cervical range of motion but found that McFarland possessed full range of motion for the most part. In addition, Dr. Martin Kehrli, who reviewed McFarland's medical records, noted that McFarland admitted to performing under-the-table mechanic work, including working under cars, which, along

---

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

360

with McFarland's other reported activities of daily living, was inconsistent with McFarland's claimed limitations. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). We find the ALJ's interpretation of McFarland's cervical limitations is supported by substantial evidence on the record.

■ Third, McFarland argues the ALJ improperly considered equivalence at step three of the sequential evaluation. Step three requires an ALJ to consider whether a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). We find the ALJ gave a sufficient explanation for his finding that McFarland's impairments neither singularly nor in combination met or equaled a listing. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1201 (9th Cir.1990) (finding the ALJ's discussion of equivalence sufficient despite the ALJ's failure to "state what evidence supported the conclusion that appellant's impairments do not meet or exceed the Listing of Impairments."). We find the ALJ's determination at step three is supported by substantial evidence on the record.

Finally, McFarland claims the ALJ failed to consider medication side effects. However, McFarland points to no specific evidence in the record where he complained of medication side effects. To the contrary, the record is replete with statements by McFarland to medical care providers that he was not experiencing side effects from his various medications. Thus, we find the ALJ did not err in failing to address side effects of medication in his decision.

---

\* The panel unanimously finds this case suitable for decision without oral argument, and here-

We find the ALJ's decision is supported by substantial evidence on the record, and the district court's order should be affirmed.

**AFFIRMED.**