**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>CATHERINE A. DONEY,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>        Defendant - Appellee.</td><td>No. 11-35561<br><br>D.C. No. 4:10-cv-00061-RKS<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted June 8, 2012[**]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[***]

Plaintiff Catherine A. Doney ("Doney") appeals from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, District Judge for the U.S. District
Court for Hawaii, sitting by designation.

judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security Administration ("the Commissioner"), entered pursuant to the order granting summary judgment in favor of the Commissioner and affirming the denial of social security disability benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

We review a district court's order affirming the Commissioner's denial of benefits de novo. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). We will affirm the district court's order if the Commissioner's decision was supported by substantial evidence and by a correct application of the applicable law. *Id.* "This is a highly deferential standard of review: Substantial evidence means more than a mere scintilla, but less than a preponderance." *Id.* (citation and quotation marks omitted). "Where the evidence as a whole can support either a grant or a denial, we may not substitute our judgment for the ALJ's." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citation and quotation marks omitted).

First, Doney argues that the district court erred in affirming the Commissioner's denial of benefits because the administrative law judge ("ALJ") did not set forth sufficient reasons to support his rejection of the opinions of

2

Doney's treating physicians.[1]  This court has held that the opinion of a treating physician should generally be given more weight than the opinion of a physician who did not treat the claimant.  Further, the ALJ must set forth clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability."  *McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011) (citations and quotation marks omitted).

Doney's treating physician, Ethel Moore, M.D., opined that, *inter alia*, Doney has to lie down or use a recliner to elevate her feet for two hours during an eight-hour work day, and Doney can never finger, feel, or type with her right hand. [Excerpts of Record Part IV ("ER Pt. IV") at 774, 772.]  The Commissioner rejected Dr. Moore's opinion that Doney has to lie down or elevate her feet for two hours per day because: Dr. Moore's opinion was inconsistent with both Doney's activities of daily living and with Dr. Moore's treatment records; Dr. Moore's specialty is in family practice, not orthopedics; the non-examining state agency

---

[1] The ALJ issued a reasoned decision on August 5, 2008.  After the Appeals Council denied Doney's request for review, the ALJ's decision became the Commissioner's final decision.

3

consultants concluded that Doney could perform light work; and Doney's subjective complaints and the medical record as a whole indicate that Doney was capable of light work. [Excerpts of Record Part I ("ER Pt. I") at 28.] If supported by the record, these are clear and convincing reasons to reject Dr. Moore's opinion.

Although the opinions of a specialist about issues related to his or her specialty are given more weight than the opinions of a non-specialist, *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996), there is no contradictory opinion in the record from an orthopedist, and Dr. Moore's recommendation that Doney elevate her feet to alleviate swelling of her knees did not require specialized knowledge unique to the practice of orthopedics. The ALJ therefore erred in relying on the fact that Dr. Moore is not an orthopedist to reject her opinion that Doney has to lie down or elevate her feet for two hours in an eight-hour work day.

The ALJ, however, correctly found that Doney's activities of daily living did not support Dr. Moore's opinion. Most tellingly, at the administrative hearing, Doney testified that, during a typical day between the hours of 8:00 a.m. and 5:00 p.m., she elevates her left knee "[m]aybe a half-hour to a hour" but "[n]ot all at one time," although sometimes she does so "a couple times a day." [ER Pt. IV at 886-87.] A reasonable inference from Doney's testimony is that she did not have to elevate her feet/knees for two hours on a daily basis. We recognize that this is a

4

close issue but because the evidence in this case is susceptible to more than one rational interpretation, we must uphold the ALJ's rejection of Dr. Moore's opinion since it is supported by reasonable inferences drawn from the record. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

As to Dr. Moore's opinion that Doney could never finger, feel, or type with her right hand, the ALJ concluded that Doney's level of activity did not support her alleged total disability in her right hand. [ER Pt. I at 23.] In particular, Doney testified that she could use her right hand to: grip a gallon jug of milk; pick up a coffee cup; pick up something the size of a hammer handle; and write about a page. [ER Pt. IV at 910-11.] We therefore hold that the ALJ identified a clear and convincing reason, supported by substantial evidence, for rejecting Dr. Moore's opinion that Doney could never finger, feel, or type with her right hand.

Doney also contends that the ALJ failed to set forth clear and convincing reasons for rejecting her treating psychologist's assignment of her Global Assessment of Functioning ("GAF") score. This court, however, has recognized that "[t]he Commissioner has determined the GAF scale 'does not have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorders listings.'" *McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008) (some alterations in *McFarland*) (quoting 65 Fed. Reg. 50,746, 50,765

5

(Aug. 21, 2000)).  We therefore hold that it was not error for the ALJ to disregard Doney's GAF score.

Second, Doney argues that the ALJ did not provide adequate reasons to support his finding that she was not credible as to the extent of, and limitations resulting from, her impairments.  Where there is objective medical evidence of the claimant's impairment which could reasonably be expected to produce the claimant's alleged pain or other symptoms and where there is no evidence of malingering, the ALJ must set forth "specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Molina*, 674 F.3d at 1112 (citations and internal quotation marks omitted).[2]  The ALJ found that Doney was not credible regarding the extent of her impairments because she provided contradictory statements and because her claims about the extent of her impairments were not supported by the objective medical record as a whole.  [ER Pt. I at 21.]  Having reviewed the record as a whole, we hold that the ALJ articulated clear and convincing reasons supported by reasonable inferences drawn from the record for his adverse credibility determination.

---

[2] We decline to address the Commissioner's argument that the clear and convincing standard is inconsistent with the Social Security Act and with *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc).  The dispute about the applicable standard is not essential to the outcome of this case because we would affirm the ALJ's adverse credibility determination under either standard.

Third, Doney argues that the hypothetical the ALJ presented to the vocational expert was not warranted by the evidence because the ALJ failed to include the limitation that she has to lie down or elevate her feet for two hours out of an eight-hour day. Insofar as we have upheld the ALJ's rejection of Dr. Moore's opinion about the lying down/feet elevation requirement, we also hold that the record supports the ALJ's hypothetical to the vocational expert.

We therefore hold that the ALJ's decision denying Doney's claim for social security benefits was supported by substantial evidence in the record and by a correct application of the law. It is therefore unnecessary to address Doney's final argument regarding the scope of the remand.

Accordingly, we **AFFIRM** the district court's entry of summary judgment in favor of the Commissioner and the ALJ's decision denying Doney's claim for social security benefits.